Iowa Loan & Trust Co. v. Fredericka Kunsch, et al., E. T. Meredith and J. P. Maher, Clerk and L. J. Klemm, Appellants.

**Mortgages:** FORECLOSURE: REDEMPTION BY LIENHOLDER. To authorize redemption by a lienholder of land of his debtor sold under a mortgage foreclosure, he must pay to the clerk the amount necessary to redeem and file the affidavit required by the statute, stating the nature of the lien and amount due thereon; and failing to file the affidavit the clerk may treat the deposit as insufficient to effect redemption.

**Same:** DEPOSIT OF REDEMPTION MONEY. The statute requires an actual deposit with the clerk of the amount necessary to redeem from a mortgage foreclosure and sale; a tender and offer to pay the same is not sufficient.

**Same:** WITHDRAWAL OF REDEMPTION MONEY. The withdrawal of a deposit made with the clerk to effect redemption terminates any right of redemption based on the deposit: So that where the redemptioner withdrew his deposit on taking an appeal from the action of the clerk in denying relief, his right was lost, as the money was no longer subject to the order of the court.

**Same:** REVIEW OF CLERK'S ACTION: PROCEDURE. Code, Section 4057, provides a summary method for presenting questions relating to the right of redemption to a court or judge; and the aggrieved party must raise the question as to his right to make redemption, and to require the clerk to accept his offer to redeem, in accordance with its provisions and not otherwise.

*Appeal from Polk District Court.*—Hon. Lawrence De Graff, Judge.

Friday, April 5, 1912.

In this special proceeding to determine whether L. J. Klemm, one of the defendants, was entitled to redeem from an execution sale under foreclosure of plaintiff's mortgage, the court held that such redemption could not be made, and from this ruling Klemm appeals.—*Affirmed.*

*A. A. McGarry,* for appellant.

*W. B. Brown,* for appellees.

McClain, C. J.—The action in which the present auxiliary proceeding has been instituted was one brought by the plaintiff to foreclose a mortgage given to it by defendant Kunsch upon a certain described tract of land to which junior lienholders were made parties. A decree of foreclosure having been entered against Kunsch as mortgagor and the lienholders as defendants, there was an execution sale of the mortgaged property on March 12, 1910, to the plaintiff for the amount of the judgment. Within nine months after the date of the sale, one Meredith took an assignment of the rights of one of the lienholders made a party to the original action and attempted to effect redemption from the sale. After nine months and within a year from the date of the sale the principal defendant, Kunsch, executed a conveyance of the premises to one Klemm, who, on February 28, 1911, applied to the clerk of the court to redeem the premises from said sale, without payment of the amount of the claim under which Meredith had attempted to redeem, which application was refused in writing on the ground that redemption had already been made by Meredith. With reference to Meredith's attempted redemption, it appears that on the last day of the nine months' period allowed for redemption by creditors (see Code, sections 4045-4050) Meredith paid

to the clerk the amount necessary for redemption from the sale, and the clerk, considering the redemption sufficient, paid the money over to the mortgagee who had bought in the property. But Meredith did not on the day of depositing the money with the clerk file an affidavit such as is required by Code, section 4056. The record shows that, on the assurance of the officer that the affidavit might be filed within a day or two after the date of the deposit, the attorney for Meredith postponed the filing of the affidavit until the second day after the expiration of the redemption period.

We agree that the clerk might properly have refused to treat the deposit of the money without the filing of the required affidavit as sufficient to effect redemption

1. Mortgages: foreclosure: redemption by lienholder.

and might have held the money on deposit until the court should determine, on proper application, whether the redemption was sufficient; but we are not entirely agreed as to the effect to be given in this case to the action of the officer in accepting the redemption without the filing of an affidavit until two days later, it appearing that the postponement was one sanctioned by the officer and in no way directly prejudicial to the right of redemption by the debtor or her assignee. As we reach the conclusion that the attempted redemption by Klemm was not sufficient on other grounds, it is unnecessary to determine whether he should in attempting to make redemption have included in the amount of his deposit a sum sufficient to cover the claim of Meredith.

Without regard to the sufficiency of Meredith's redemption, there are insuperable obstacles to the recognition of the attempted redemption of Klemm. On February 28th,

2. Same: deposit of redemption money.

he made a written tender to the clerk in full redemption of the sheriff's sale of the sum of $2,280.12, and asked the cancellation of the sale, and the clerk in writing refused this tender on the ground that redemption had been made by

Meredith and the money paid by him in making such redemption had been paid over to the execution creditor. This written refusal contained the recital "that no other objection is made whatever to such tender and offer, either to the amount or kind of funds offered." Thereafter, on March 3d, Klemm presented to the judge of the district court an application for an order on the clerk, reciting the making of said tender and the refusal of the clerk to receive the same, and asking that an order be made permitting the applicant to make full redemption from the sheriff's sale without regard to any pretended redemption theretofore made by any one whomsoever. On this application the judge entered an order for service of notice on Meredith, who appeared and objected to the application on various grounds, one of which was that appellant had not paid into the clerk's office a sufficient sum of money to cover the claim of Meredith; and another was that the applicant had not complied with the provisions of Code, section 4057, one of which is that the person claiming the right shall deposit the necessary amount with the clerk.

The printed record contains no showing that the amount necessary to redeem from the original sale was ever deposited with the clerk, and in the absence of such showing the judge properly refused to entertain appellant's application, for the statute evidently contemplates not merely a tender and offer to pay which might be sufficient in an action in equity, but an actual deposit of the amount necessary to make redemption. There is nothing in the record to indicate that if appellant had offered to deposit the amount the clerk would have refused to receive it. The refusal of the clerk to accept the tender and allow redemption was not a refusal to accept a deposit.

In a motion filed by appellee to dismiss the appeal (which has been ordered submitted with the case), it is recited and made to appear by certificate of the clerk that on March 11th appellant deposited in the clerk's office for

the purpose of redemption the sum of $2,275.05, which sum

3. Same: withdrawal of redemption money.

of money was paid back to the appellant at his request on April 1st. Without regard to the sufficiency of such deposit as to time or amount, we must hold that appellant lost any benefit thereof by withdrawing it on the day on which his appeal was taken. The withdrawal of the deposit necessarily terminated any existing right based upon the making of the deposit with the clerk.

In response to this motion of appellee, the appellant insists that the motion goes to the jurisdiction of the court and should have been made and served upon the appellant not less than ten days before the date assigned for the submission of the cause (rules section 33; 33 G. A. chap. 206), whereas the motion was not served until three days before the date on which the cause was set to be submitted. But we think the motion does not raise a question as to the court's jurisdiction, but presents only a reason why the appeal should be dismissed on the ground that appellant was no longer entitled to maintain his appeal. However this may be, if we should disregard the motion we should have no showing whatever before us that appellant ever made any deposit with the clerk of the amount which, according to his contention, was necessary to entitle him to redeem from the execution sale, and he was not therefore entitled, so far as this record shows, to have an order of the court under Code, section 4057, sustaining his right to make redemption. That section which provides a summary proceeding for determining whether an attempted redemption is sufficient and should have been recognized by the clerk contains the express provision that the money paid to the cerk in the attempted redemption shall be held by him subject to the order of the court; and, necessarily, if the applicant who is denied relief desires on appeal to have the order of the court reviewed to the end that the court should be ordered to hold the attempted re-

demption sufficient, the deposit must remain with the clerk so that when he secures a favorable determination on his application the money shall be still subject to the court's order.

To avoid the objections to the sufficiency of the steps taken by appellant to entitle him to relief in a summary proceeding under Code, section 4057, he now claims that

4. SAME: review of clerk's action: procedure.

the remedy sought was not under that section but under the provisions of Code, sections 3831-3846, relating to motions and orders. Section 3843 provides that "a judge's order may issue in vacation, directing any of the officers of the court in relation to the discharge of their duties." This is the only section of the chapter relating to motions and orders which indicates the nature of the subject-matter to which it relates. We are satisfied that the special provision of Code, section 4057, must be regarded as pointing out the specific manner for raising, before a court or judge in a summary way, the question relating to a right to redeem. In *Hawkeye Insurance Co. v. Maxwell,* 119 Iowa, 672, it was said that the method pursued in that case was not erroneous, and reference is made to section 3843. But it is to be noticed that the proceeding for redemption in the lower court in that case, although instituted under that section, had been transferred to the equity docket and tried as an equitable action, and it was in view of the final disposal of the case that the court held the method pursued to have been without error, and this language was used, "In view of the fact that the merits of the controversy between all parties were fully investigated and determined in the equity action it does not seem very material whether the order directing the sheriff to make a deed to the plaintiff was based upon proper proceedings or not, and we shall give the question but little attention." The case of *Kendig v. McCall,* 133 Iowa, 180, was one involving the right in equity to have set aside a sheriff's deed and to

have established in plaintiff the right to redeem from the sale in pursuance of which the deed was executed, and it was held that the plaintiff was entited to equitable relief although he had not proceeded in accordance with the provisions of Code, section 4057. We reach the conclusion that the plaintiff, proceeding summarily by motion to raise the question as to his right to make redemption and to have the clerk accept his offer to redeem, must do so in accordance with the provisions of Code, section 4057, and not otherwise.

Even if under the sections relating to motions and orders above referred to the appellant was entitled to an order on the clerk, he certainly was not entited to such order until he had complied with the statutory requirements including the payment into the clerk's office of the amount necessary to redeem (Code, section 4051), and as already indicated, if the appellant ever made a payment into the clerk's office for this purpose, he subsequently withdrew the sum deposited before he secured the right upon which he relied, and thereby defeated any attempt which he may have made to get a summary order.

The order of the lower court denying plaintiff any relief in the proceeding instituted by him is therefore *affirmed.*