NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Plaintiff, v. JAMES P. HANSEN et al., Defendants.

CERRO GORDO STATE BANK OF CLEAR LAKE et al., Appellees, v. JAMES P. HANSEN, Guardian, Appellant.

MARCH 13, 1928.

*Henry Curvo* and *Senneff; Bliss, Witwer & Senneff,* for appellant.

*Ira W. Jones* and *Blythe, Markley, Rule & Clough,* for appellees.

WAGNER, J.—James P. Hansen and Anna Hansen were husband and wife. Anna Hansen was the owner of 160 acres of land, described as the southwest quarter of Section 16, Township 97 north, Range 22 west of the 5th P. M. Her husband,

James P. Hansen, was the owner of 80 acres of land, described as the south half of the northeast quarter of Section 17, same township and range. On November 11, 1920, the said James P. Hansen and Anna Hansen, to secure the payment of a note in the amount of $12,000, executed unto the Northwestern Mutual Life Insurance Company, upon the entire 240 acres, a mortgage, which was the first lien upon said real estate. On November 18, 1922, James P. Hansen, to secure a note in the amount of $5,000, executed unto the Cerro Gordo State Bank upon the 80 acres, a mortgage which was a second lien thereon. On December 4, 1923, James P. Hansen, to secure the payment of a note for $2,500, executed unto Mabel Meibergen, upon the 80 acres, a mortgage which was the third lien thereon. All of the indebtedness secured by the aforesaid mortgages was that of James P. Hansen.

Anna Hansen died testate April 7, 1922, and left James P. Hansen as her surviving husband, and two minor children: to wit, James P. Hansen, Jr., and Erna Hansen. The surviving husband elected not to take under the will, and thus the surviving husband and the two children of Anna Hansen each became the owner of an undivided one-third interest in and to the 160 acres.

On December 24, 1924, the Northwestern Mutual Life Insurance Company began its action to foreclose the aforesaid $12,000 mortgage, making the Cerro Gordo State Bank, Mabel Meibergen, and the aforesaid surviving husband and children of Anna Hansen, deceased, defendants. All of the parties defendant were served with notice of said foreclosure suit in the manner as required by the law. A guardian *ad litem* was appointed for the two minor defendants, and said guardian *ad litem* filed formal answer to the petition for foreclosure. On June 16, 1925, a decree of foreclosure was rendered by the court, and special execution was ordered issued for the sale of the entire 240 acres, to make the amount of the mortgage debt. Special execution was duly issued, statutory notice as to the sale on execution was given, and on the 18th day of July, 1925, the entire 240 acres were sold *en masse* to the plaintiff in said foreclosure proceeding for the sum of $14,364.49, being the amount of the judgment and costs. No plan of division of the land for the purposes of sale thereof was delivered to the officer, as is provided for by

Section 11732 of the 1924 Code. The sheriff, before making the sale *en masse* of the entire 240 acres, first offered the real estate for sale by government subdivisions of 40-acre tracts.

No redemption was attempted by the debtor, or by or in behalf of the title holders of the real estate, during the first six months after the sale. On April 15, 1926, the Cerro Gordo State Bank made redemption as a junior lien holder, and paid the full amount of the bid of the Northwestern Mutual Life Insurance Company, together with interest and costs,—the amount paid in making said redemption being $15,608.72,—and by affidavit credited on its own lien the sum of $4,500. Thereafter, on the same day, Mabel Meibergen made redemption as a junior lien holder, paying the amount paid by the bank in making redemption, plus the $4,500, and credited on her lien, in addition thereto, the sum of $1,500. The redemptions made by both of the aforesaid junior lien holders were in exact accord with the provisions of our statutory law.

On June 1, 1926, the surviving husband of Anna Hansen, deceased, executed unto the two minor children hereinbefore mentioned a quitclaim deed for the aforesaid 160 acres, and also a separate instrument, assigning and transferring unto the guardian of said two minor children all his right, title, and interest in and to the equity of redemption of said real estate. The surviving husband of Anna Hansen, deceased, is the guardian of the two minor children. On June 3, 1926, the guardian, basing his right to do so upon Section 11792 of the Code of 1924, filed his application, accompanied by affidavit, raising certain questions for the court's determination; and notice was given to the Cerro Gordo State Bank and to Mabel Meibergen of the hearing thereon, in accordance with an order of court, and both of said parties appeared to the proceeding. In the affidavit of the applicant, he alleges the facts as to the indebtedness, the mortgages, the foreclosure of the mortgage hereinbefore mentioned, the sale *en masse* of the 240 acres upon execution, and the redemption by the two junior lien holders, as aforesaid, and states in said affidavit that, as guardian of his wards, he desires, for their protection, to make redemption of the 160 acres hereinbefore described, and states:

"That a question arises as to the amount necessary to make such redemption, and this affiant states that the total sum

represented by the sale and the taxes on the 240-acre tract hereinbefore described, would be $15,608.72, together with interest on $372.02 at the rate of 8 per cent per annum from April 15, 1926, and interest on the balance at the rate of 6½ per cent per annum from April 15, 1926; but this affiant states that the mortgage taken by the Northwestern Mutual Life Insurance Company was a joint mortgage, which covered land owned by the mother of his wards and by this affiant, and that the mortgage was made on an acreage basis; and that, for and on behalf of this affiant's wards, he claims the right to redeem the said southwest quarter of Section 16, Township 97 north, of Range 22 west of the 5th P. M., Cerro Gordo County, Iowa, by paying two thirds of the total sum represented by the amount required to be paid to redeem from the Northwestern Mutual Life Insurance Company, which, as of this date, would amount to $15,747.65; and this affiant claims that, in behalf of his wards, he should be permitted to redeem the southwest quarter of Section 16, Township 97 north, Range 22, by paying two thirds of said sum, or $10,498.43, which said amount he, as guardian of said wards, has deposited with the clerk of the district court of Cerro Gordo County, Iowa, accompanied by this affidavit.''

He alleges and asks the court for the determination of the following questions:

''(1) The right of this affiant to make complete redemption of the said southwest quarter of Section sixteen, Township ninety-seven north, of Range twenty-two, by payment of the said sum of $10,498.43. (2) The question as to what claim, if any, the Cerro Gordo State Bank has to the said southwest quarter of said Section sixteen. (3) The question as to what claim, if any, Mabel Meibergen has to the said southwest quarter of said Section sixteen, Township ninety-seven north, of Range twenty-two. (4) The question as to whether this guardian does not, by virtue of the redemption herein by him made, acquire the title to said southwest quarter of Section sixteen, Township ninety-seven north, of Range twenty-two, for his said wards, James P. Hansen, Jr., and Erna Hansen. (5) The question as to whether, by virtue of the redemption made, the said James P. Hansen, Jr., and Erna Hansen are not vested with title to the said southwest quarter of Section sixteen, Township ninety-

seven north, of Range twenty-two. (6) The question as to the exact amount necessary for this affiant to pay.''

The Cerro Gordo State Bank filed its motion to dismiss, as against it, which motion was by the court sustained. Mabel Meibergen filed resistance to the application of the guardian, and trial was had to the court upon the application of the guardian and the resistance of the said Mabel Meibergen. It was ordered by the court that the issues be tried as in equity. At the conclusion of the trial, the court rendered its decree, holding that the minors and their legal guardian had been duly served with the original notice in the suit for foreclosure, and that said minors had been represented and appeared by a duly appointed guardian *ad litem* in said action, and that they are bound by the decree of foreclosure, and that the execution sale of said land must be regarded as legal and valid, and that the same could not be attacked in this proceeding. The court further decreed that the terms of redemption by the applicant are governed by Section 11784 of the Code of 1924, and that, therefore, in order to redeem from the said Mabel Meibergen, the minors, or their guardian, must pay to her the full amount paid by her in effecting her redemption, and the amount of $1,500 credited by her upon her claim, together with interest and costs, as provided by said section; that neither said minor defendants nor their guardian have any right in this proceeding to the 160 acres in question by the payment of $10,498.43 (the amount deposited with the clerk), nor any sum less than the whole amount due Mabel Meibergen, as already stated; that the amount paid to the clerk of said court is not sufficient, and no right or title has been acquired by reason thereof to said 160 acres by said guardian or said minors; but that, in order to redeem, they must pay the whole amount, as already stated, in which case, they will become the owners and holders of all the rights and remedies, title and interest, now held by the said Mabel Meibergen as to the whole of the 240 acres of land described in the sheriff's certificate of sale. The court dismissed and denied the application, with the conditions and qualifications aforesaid, and rendered judgment against the applicant for the costs. From the decree of the trial court the guardian has appealed.

Undoubtedly, if, at the time of the foreclosure decree, the court's attention had been called to the exact situation, the

court would have provided in the decree that the 80 acres owned by the defendant James P. Hansen should be first sold, and that the 160 acres should be next sold, for the purpose only of making up any deficiency arising on the judgment, or otherwise have protected the minors' interests. Our statutory law, Section 10997 of the Code of 1924, provides that:

"The defense of a minor must be by his regular guardian, or by one appointed to defend for him, where no regular guardian appears, or, where the court directs a defense, by one appointed for that purpose."

The guardian, who is now asking for relief in the application filed by him, made no defense of any kind or character as to the action for foreclosure. The minors were represented by a guardian *ad litem* appointed by the court.

When a decree such as the one in the foreclosure action is rendered, with full jurisdiction as to the subject-matter and of the parties, said decree, unless appealed from, is binding upon the parties thereto, and this court is powerless to change the same.

Under the record in this case, the sale of the 240 acres *en masse* to the Northwestern Mutual Life Insurance Company, to make the amount of its judgment, was a valid sale. The Cerro Gordo State Bank and Mabel Meibergen were junior lien holders only as to the 80 acres owned by James P. Hansen.

The right of redemption is purely a statutory proceeding, and the provisions of the statute relative thereto must be strictly complied with.

"* * * the statute confers on the court no discretion nor power of mercy in relation thereto." *Tharp v. Kerr,* 141 Iowa 26.

See, also, *Central State Bank v. Lord,* 204 Iowa 439.

"There is no general right of redemption from judicial sales; but when such right exists, it is by statute, and the right extends only to cases coming within the statute, is governed by the statute in force at the time of the sale, and must be exercised in pursuance of the statute,—otherwise it will be ineffective." 24 Cyc. 68.

The Cerro Gordo State Bank and Mabel Meibergen, being junior lien holders, had the right of redemption; but, in order to exercise the right, they were necessarily compelled to comply

with the statute. This method of redemption is controlled by Sections 11789 and 11790 of the Code of 1924. Said sections read as follows:

"11789. The mode of redemption by a lien holder shall be by paying into the clerk's office the amount necessary to effect the same, computed as above provided, and filing therein his affidavit, or that of his agent or attorney, stating as nearly as practicable the nature of his lien and the amount still due and unpaid thereon."

"11790. If he is unwilling to hold the property and credit the debtor thereon the full amount of his lien, he must state the utmost amount he is willing to credit him with."

In order to comply with the aforesaid statutory law, the Cerro Gordo State Bank could not redeem any portion of the real estate from the execution sale without paying the full amount of the bid at said sale, with interest, and filing its affidavit, stating what credit it would allow on its lien. And Mabel Meibergen could not redeem from the Cerro Gordo State Bank without paying the amount paid by the bank to make redemption, plus the $4,500, with interest, and filing her affidavit, stating what credit she would allow on her lien. *Knowles v. Rablin & Corwith,* 20 Iowa 101; *Street v. Beal & Hyatt,* 16 Iowa 68; *Douglass v. Bishop,* 27 Iowa 214.

Since the bank and Mabel Meibergen strictly complied with the statute in making redemption, what are the rights of the guardian in this proceeding? Section 11792, Code of 1924, upon which he bases his application, is as follows:

"In case any question arises as to the right to redeem, or the amount of any lien, the person claiming such right may deposit the necessary amount therefor with the clerk, accompanied with the affidavit above required, and also stating therein the nature of such question or objection, which question or objection shall be submitted to the court or a judge thereof as soon as practicable thereafter, upon such notice as it or he shall prescribe of the time and place of the hearing of the controversy, at which time and place the matter shall be tried upon such evidence and in such manner as may be prescribed, and the proper order made and entered of record in the cause in which execution issued, and the money so paid in shall be held by the clerk subject to the order made."

It will be observed from the reading of said section that a deposit of the necessary amount to make redemption must be made with the clerk. In *Iowa Loan & Trust Co. v. Kunsch,* 156 Iowa 91, we said:

"The printed record contains no showing that the amount necessary to redeem from the original sale was ever deposited with the clerk, and in the absence of such showing, the judge properly refused to entertain appellant's application * * *. We reach the conclusion that the plaintiff, proceeding summarily by motion to raise the question as to his right to make redemption and to have the clerk accept his offer to redeem, must do so in accordance with the provisions of Code Section 4057 * * * [now 11792 of the Code of 1924]. Even if, under the sections relating to motions and orders above referred to, the appellant was entitled to an order on the clerk, he certainly was not entitled to such order until he had complied with the statutory requirements, including the payment into the clerk's office of the amount necessary to redeem * * *."

In *Gates v. Ives,* 191 Iowa 851, we said:

"It would seem that the holding in the *Kunsch* case, supra, is conclusive on the proposition that plaintiff must actually deposit the requisite amount, and not merely tender it in his pleadings."

The $10,498.43 which is on deposit with the clerk is insufficient to make redemption, even had the redemption by applicant been attempted during the first six months after the sale. Had said redemption been attempted during said period, the applicant would have been compelled to pay the entire amount bid at the sale, with interest. See Section 11784 of the Code of 1924; *Douglass v. Bishop,* 27 Iowa 214. In *Fortune v. Barnhart,* 199 Iowa 329, where the sale was made in parcels, and where a junior lien holder made redemption in strict conformity with the statute, we held that the title holder could not redeem any parcel of land without paying the amount bid by the original purchaser of said tract, with interest, and without paying the entire amount of the junior redemptioner's claim, with interest. We there said:

"* * * whether or not, where there are a number of title holder redemptioners all seeking to redeem, contribution could be enforced by the one who first redeemed, as against the others,

is a matter not involved in this case, and upon it we express no opinion.''

The claim of applicant that the mortgage to the Northwestern Mutual Life Insurance Company was made on an acreage basis is not borne out by the record. It is conclusively shown that the value of the 80 acres is much less than one half of the value of the 160 acres. Both junior lien holders complied with the law in making redemption. Any title holder seeking to redeem must also comply with the law. The terms of redemption by any title holder are fixed by Section 11784, Code of 1924, which reads:

''The terms of redemption, when made by the title holder, shall be the payment into the clerk's office of the amount of the certificate, and all sums paid by the holder thereof in effecting redemptions, added to the amount of his own lien, or the amount he has credited thereon, if less than the whole, with interest at contract rate on the certificate of sale from its date, and upon sums so paid by way of redemption from date of payment, and upon the amount credited on his own judgment from the time of said credit, in each case including costs.''

The record informs us that a suit in equity involving the rights of the parties under the liens and redemptions referred to is pending in the trial court. It is probable that different questions may properly be, and are, there raised,—whether the redemptioners might have protected themselves in the original suit, or at the bidding, or by supplemental suit; whether suit for contribution, subrogation, or exoneration is available, by resort to which the minors' land could be made to bear its just proportion of the common incumbrance, and be exonerated from liability for liens that, before redemption, rested on their land only. 3 Pomeroy's Equity Jurisprudence, Sections 1221 to 1226; 1 Pomeroy's Equity Jurisprudence, Section 411; *Coffin v. Parker*, 127 N. Y. 117 (27 N. E. 814) ; 42 Corpus Juris 352, 362, 453.

These and allied questions are not before us in this statutory proceeding, on the record as here made, and are withheld from adjudication.

In this statutory proceeding, we see no escape from the conclusion that the decree of the trial court is correct, and the same is hereby affirmed.—*Affirmed*.

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.