# IN THE COURT OF APPEALS OF IOWA

No. 19-1689
Filed December 16, 2020

GREAT WESTERN BANK,
        Plaintiff,

vs.

CONRAD D. CLEMENT; MANCO, CORP.; and PARTIES IN POSSESSION,
        Defendants.
_____

**WAYNE JOSEPH MLADY,**
        Appellant/Cross-Appellee,

**vs.**

**SUE ANN DOUGAN,**
        Appellee/Cross-Appellant.
_____

        Appeal from the Iowa District Court for Howard County, John J. Bauercamper, Judge.

        Both parties appeal the court's ruling on redemption of property bought at a sheriff's sale following foreclosure proceedings. **AFFIRMED IN PART AND REVERSED IN PART ON APPEAL; AFFIRMED ON CROSS-APPEAL.**

        Lynn Wickham Hartman and Dawn M. Gibson of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellant/cross-appellee.

        John L. Duffy of Henry, McManigal, Duffy, Stambaugh & Anderson, P.L.C., Mason City, for appellee/cross-appellant.

        Heard by Doyle, P.J., and Tabor and Ahlers, JJ.

**DOYLE, Presiding Judge.**

This is the second appeal concerning redemption of real property after foreclosure and a sheriff's sale. In the first appeal, we held that a mortgage debtor can assign an exclusive right of redemption to a third party. *Great W. Bank v. Clement*, No. 18-0925, 2019 WL 1294797, at *3-4 (Iowa Ct. App. Mar. 20, 2019). On remand, the district court determined that the assignee timely exercised the right of redemption. We are asked to review that conclusion, as well as the court's determination of the accrual of interest on a sheriff's certificate of sale.

**I. Background Facts and Proceedings.**

The property at issue was once owned by Conrad Clement and subject to a mortgage from Great Western Bank. When Clement failed to meet the terms of the mortgage, the bank instituted foreclosure proceedings. In its March 24, 2017 decree of foreclosure, the court decreed that a sheriff's sale "may take place immediately" and "there shall be a one-year period of redemption exclusive to [Clement] following any such sheriff's sale."

The sheriff's sale took place on May 22, 2017. Wayne Mlady bought the property for $1,600,001.00. On March 30, 2018, Sue Ann Dougan tendered a check for $1,690,000.00 to the clerk of court to redeem the property.

This action began on April 2, 2018, when Dougan petitioned the court asserting that Clement assigned his exclusive right to redeem the property to her effective March 28, 2018. She asked the court to declare that the assignment was valid and to ratify her redemption. Following a hearing, the district court denied Dougan's petition, finding the assignment of the right of redemption was not valid and enforceable because it was exclusive to Clement. Dougan provided a second

check to the clerk of court in the amount of $247,001.00 on May, 21, 2018, to increase the total amount tendered in support of redemption to $1,937,001.00. On May 23, 2018, a year after the sheriff's sale, the Howard County Sheriff issued a sheriff's deed conveying the real estate's title to Mlady. Dougan appealed the district court's ruling. Holding the assignment valid and enforceable, we reversed on appeal and remanded to the district court to determine whether Dougan's redemption was timely. *Great W. Bank*, 2019 WL 1294797, at *4. Our supreme court denied further review.

On remand, the district court held that "[b]ased upon the ruling of the appellate court, Dougan is entitled to redeem and obtain title." It also determined the applicable interest rate for redemption to be 21%. Mlady moved the court to amend its ruling to find that Dougan failed to timely exercise her right of redemption "because she did not pay the full, statutorily prescribed amount by the deadline." Dougan also moved the court to amend its ruling, arguing that her obligation to pay interest on the sheriff's sale purchase price ceased when Mlady obtained the sheriff's deed on May 23, 2018. The district court denied Mlady's motion, stating, "Dougan has properly and timely exercised the right of redemption." The court agreed with Dougan that interest should stop accruing as of May 23, 2018, because "Mlady has had the benefit of the possession, use, and profits from the land since obtaining the sheriff's deed." Thus, the court held that Mlady was entitled to a payment of $1,938,799.79 for the certificate of purchase. Dougan deposited another $1798.79 with the clerk of court on the day she filed her notice

of appeal so that the total amount of her redemption funds would comply with the court's order.  Both Mlady and Dougan appeal.[1]

## II. Discussion.

On appeal, Mlady contends Dougan's redemption attempt was untimely because she paid only $1,937,001.00 of the $1,938,799.79 due before expiration of the redemption period.  He also challenges the court's determination that interest stopped accruing when he obtained a sheriff's deed, arguing it accrues until the time of full redemption.  On cross-appeal, Dougan challenges the rate of interest determined by the district court.

---

[1] Mlady certified his reply brief contained 7474 words.  It is over-length.  The appellate procedure rules limit reply briefs to 7000 words.  Iowa R. App. P. 6.903(1)(g)(1) ("If a required brief uses a proportionally spaced typeface it shall contain no more than 14,000 words.  A reply brief shall contain no more than half of the type volume specified for a required brief.").  Dougan's reply brief includes a non-authorized sur-reply—it replies to Mlady's reply to Dougan's response to issues first raised in Mlady's opening brief.  The rules contemplate a brief, a responsive brief, and a reply brief—no more.  *See* Iowa R. App. P. 6.901(1)(a), (b), (c).  The rules do not contemplate a reply to a reply brief.  In cases with cross-appeals,

> [t]he brief of the appellee/cross-appellant shall respond to the brief of the appellant and then address the issues raised in the cross-appeal.  The appellant/cross-appellee shall file a reply brief responding to the issues presented by the cross-appeal or a statement waiving the reply brief.  The appellee/cross-appellee may file a reply brief responding to the appellant/cross-appellee's reply brief.

Iowa R. App. P. 6.903(5).  In other words, the rules limited Dougan's reply brief to issues presented in the cross-appeal.  Dougan was not entitled to another bite at the apple regarding issues first raised in the appellant's brief.  Dougan had already responded to those issues in his opening brief.  These rules infractions added length to the briefs.  At this stage of the game, there appears to be no practical remedy available to address the infractions.  We just mention this to remind appellate practitioners that these infractions caused the need for more reading.  Additional unnecessary reading contributes to judge fatigue, particularly for judges on a high-volume court.

This matter was tried in equity, and our review is de novo. *See Carroll Airport Comm'n v. Danner*, 927 N.W.2d 635, 642 (Iowa 2019). On de novo review, we accord weight to the trial court's findings. *See id.*

**A. Interest Rate.**

Because the amount of interest accrued following the sheriff's sale affects the total amount of the redemption payment, we begin with the parties' arguments about the rate of interest and period in which interest accumulates. The interest rate is governed by Iowa Code section 628.13 (2018), which sets forth the requirements for redemption by the title holder. It requires payment in the amount of the sheriff's certificate of sale "with interest at contract rate on the certificate of sale from its date." Iowa Code § 628.13(1).

The promissory note on Clement's mortgage provides two interest rates— a variable interest rate of 4.25% per annum and an interest rate of 21% per annum on default. Dougan argues that section 628.13 requires repayment at the 4.25% interest rate, noting that the cases addressing the rate of interest on redemption of a certificate of sale have never showed the court used a default interest rate. But the district court noted, "The notice of sheriff's levy and sale quoted a per diem interest rate in dollars based upon a 21% interest rate." The court thus applied the default interest rate of 21% and calculated the daily rate of interest to be $933.33.

We agree that the rate of interest must be calculated at the default rate of 21%. The promissory note states, "Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 21.000% per annum based on a year of 360 days" and lists commencement of foreclosure proceedings as an event constituting default. The order granting default judgment on the bank's

foreclosure action decrees Clement owes "[p]rincipal, interest, late charges and fees as of the 21st day of March, 2017 in the aggregate amount of $1,791,695.84" and "[i]nterest accruing per day as against the Notes in the aggregate daily rate of $933.94[2] from and after the 21st day of March, 2017." The notice of sheriff's sale states, "Accruing Costs: PLUS 933.94 per day from 03/21/2017 = $57,904.28." The $933.33 daily rate of interest corresponds to the default interest rate. We affirm the denial of Dougan's motion to enlarge or amend the findings of the June 12, 2019 order, which determined the interest rate on the sheriff's certificate of sale is 21%.

Mlady challenges the district court's determination that interest stopped accumulating on May 23, 2018, when he surrendered his certificate of sale in exchange for a sheriff's deed. In view of our disposition of the case, we need not address the issue.

**B. Timeliness.**

We turn to whether Dougan timely exercised her right to redemption. Because "[t]he right to redeem is purely statutory," it can be exercised only "in the manner which the statute prescribes." *First Nat'l Bank of Glidden v. Matt Bauer Farms Corp.*, 408 N.W.2d 51, 53 (Iowa 1987). The statute allows redemption for a period of "one year from the day of sale." Iowa Code § 628.3. "During the one-year redemption period, the debtor may redeem the property by paying the sale price plus the remaining amount of the certificate holder's lien, including costs and

---

[2] The $933.94 daily rate set forth in the foreclosure decree and the notice of sheriff's sale is apparently in error. There appears to be no disagreement between the parties to this appeal that the correct per diem rate is $933.33 (based on a 21% interest rate).

interest." *First Nat'l Bank*, 408 N.W.2d at 53 (citing Iowa Code § 628.13). If the property is not redeemed within that period, the certificate holder is entitled to a sheriff's deed. *See* Iowa Code § 626.98.

The statutory right to redeem set forth in Iowa Code section 628.3 dates to 1851. *See Farmers Tr. & Sav. Bank v. Manning*, 359 N.W.2d 461, 464 (Iowa 1984). Since that time, our supreme court has observed that the redemption statute "must be strictly complied with." *Nw. Mut. Life Ins. Co. v. Hansen*, 218 N.W. 502, 505 (Iowa 1928). Failure to act within the one-year redemption period puts the holder of a right of redemption "beyond the reach of equitable relief." *Tharp v. Kerr*, 119 N.W. 267, 268 (Iowa 1909). Under such circumstance, the court has "no discretion nor power of mercy" to allow redemption. *Cent. State Bank v. Lord*, 215 N.W. 716, 718 (Iowa 1927).

The parties agree that if interest on the certificate of sale is calculated at a rate of 21% per annum from the date of sale until May 23, 2018, the $1,937,001.00 Dougan paid before the one-year redemption period is $1798.79 short of the amount due. Mlady argues that this shortfall renders Dougan's attempt to redeem the property untimely. Several cases, support his position. *See, e.g.*, *Hansen*, 218 N.W. at 505-06; *Tansil v. McCumber*, 206 N.W. 680, 686 (Iowa 1925) ("Defendants cannot redeem except on condition of paying the whole debt actually owing."); *Gates v. Ives*, 183 N.W. 406, 407 (Iowa 1921); *Iowa Loan & Tr. Co. v. Kunsch*, 135 N. W. 426, 427 (Iowa 1912); *Case v. Fry*, 59 N.W. 333, 334-35 (Iowa 1894). Our court recently addressed this issue in *Sibley State Bank v. Zylstra*, No. 19-0126, 2020 WL 4814072, at *1 (Iowa Ct. App. Aug. 19, 2020). In that case, a mortgage debtor assigned a right of redemption on two properties to Robert Zylstra

on the final day of the redemption period. *Zylstra*, 2020 WL 4814072, at *1-2. Zylstra failed to ascertain the exact amount due to redeem the properties, instead tendering payment for $1,384,284.00, the amount of the winning bids at the sheriff's sale. *Id.* at *2. Shortly after the redemption period ended, Zylstra learned the total amount to redeem the properties—including interest, taxes, insurance, and legal costs—was $1,648,747.00. *Id.* at *3. Although Zylstra tendered a second check to pay the difference, the district court held his attempt to redeem the properties was ineffective because the payment he made during the redemption period was insufficient. *Id.* We affirmed on appeal, declining to extend the redemption period to encompass Zylstra's second payment. *Id.* at *7.

Dougan failed to strictly comply with the statutory requirement to pay the full amount due within the redemption period. As a result, the redemption attempt was untimely. We reverse the denial of Mlady's motion to enlarge or amend the findings of the June 12, 2019 ruling, which concluded Dougan timely redeemed the property.

**AFFIRMED IN PART AND REVERSED IN PART ON APPEAL; AFFIRMED ON CROSS-APPEAL.**