SIEBEN v. BECKER ET AL.

1. **Judicial Sale**: REDEMPTION: EFFECT OF STAY OF EXECUTION. The holder of a lien upon the lands of a surety for the stay of execution is entitled to redeem from a sale of the lands, under the judgment, at the expiration of the stay.

> BECK, CH. J., DAY and ROTHROCK, JJ., *concurring*, holds that the restrictions imposed upon the right of redemption by section 3102 of the Code, in case of appeal or stay of execution, have no application to creditors holding liens.

> ADAMS, J., SEEVERS, J., *concurring*, holds that such restrictions do not extend to a surety upon a stay or appeal bond, but are applicable alone to the defendant, and, possibly, creditors claiming liens through him.

*Appeal from Jones District Court.*

TUESDAY, DECEMBER 16.

ACTION IN CHANCERY. There was a decree dismissing the petition upon a judgment which sustained a demurrer. Plaintiff appeals. The facts of the case appear in the opinion.

*Merrell & Howat* and *A. R. Cotton*, for appellant.

*Charles M. Dunbar*, for appellees.

BECK, CH. J.—I. The petition alleges that plaintiff is the assignee of a judgment rendered May 21st, 1878, against S. G. Franks, J. W. Franks and another; that on the 20th of September, 1877, a judgment was rendered in favor of Phelps, Dodge & Palmer against E. M. Franks & Son, execution thereon being stayed by S. G. Franks becoming surety as provided by law; that each of these judgments became a lien upon certain lands owned by S. G. Franks, and execution was issued upon the last named, the senior judgment, and these lands were sold thereon to defendant Becker; that on the day of the sale plaintiff paid to the clerk of the proper court a sum of money sufficient to redeem the lands, and otherwise complied with the provisions of the stat-

ute providing for redemption from sheriff's sales by judgment creditors; that Becker assigned his certificate of purchase to the German Bank, a defendant in this action, and each of these refuse to accept the money paid by plaintiff for the redemption of the lands, and claim that they cannot be redeemed, and that the sale thereof was absolute and the bank is entitled to a sheriff's deed.    A demurrer to the petition was sustained.

The decision of the court below is, we understand, based upon the fact that the defendants in the judgment whereon the land was sold had caused execution to be stayed by S. G. Franks becoming surety, the court holding that the stay deprived the creditors and the surety, as well as the defendant in execution, of the right of redemption. This decision presents the only question arising in the case which we are called upon to decide. We proceed to its consideration.

II. The sale of real estate upon execution and all proceedings and rights arising thereon are prescribed by statute. Such proceedings were unknown to the common law. The right of redemption after sales upon execution, either by defendants in execution or holders of liens upon the land, would not exist unless provided for by statute. The legislature may prescribe what parties may redeem, and under what circumstances the right shall exist and may be exercised. It is entirely competent for the statute to deny the right under circumstances that may be prescribed in the exercise of legislative wisdom.

Code, section 3102, confers the right of redemption upon the execution defendant, to be exercised within one year from the day of sale. But it provides that in case he has taken an appeal in the action, or has caused the execution on the judgment to be stayed, such right cannot be exercised. Sections 3104–3120 provide that creditors of the execution defendant holding liens upon the land sold may redeem and prescribe rules for the exercise of the right conferred. But there are no restrictions upon the right, as in the case of the execution debtor, to the effect that it shall not be exercised in case an

appeal has been prosecuted in the action or the execution has been stayed. We know of no principle which requires us to extend the restriction which, in its very terms, applies alone to judgment debtors, so as to affect the right of creditors or others. The express language of the provisions must prevail; no other conclusion can be reached than that in case of an appeal or stay of execution, defendant alone is denied the right to redeem. The provision so interpreted is based on reason. If the defendant has delayed execution by an appeal or stay, he should gain no more time by redemption. No such reason can be given for depriving the lien holder of the right of redemption. The delay by a stay or an appeal was not caused by his act; his right should not, therefore, be cut off by it. The right is secured to him in order that he may subject the land to his lien after discharging by redemption prior liens. To deprive him of this right because of an act of his debtor which he could not have controlled and from which he received no advantage, would be neither wise nor just. We are very well satisfied that the legislature in the use of the plain language of sections 3102 and 3104 intended nothing of the kind.

We reach the conclusion that the lien holders entitled to redeem are not defeated of the right by an appeal or stay of execution taken by the execution defendant. The plaintiff had the right to redeem as the execution creditor of S. G. Franks, whose land was sold on execution. Whether the surety in the stay of execution is deprived of the right of redemption we need not inquire. He is not seeking to redeem, and plaintiff does not claim the right under him; it is secured to her as a lien holder, and without regard to the rights of others.

In our judgment the District Court erred in sustaining the demurrer; its judgment is therefore reversed, and the cause is remanded for proceedings in harmony with this opinion.

REVERSED.

ADAMS, J.—I am not prepared to express an opinion upon the question as to whether a creditor can redeem in a case

where the debtor cannot. I concur in the result reached in this case, but I do so upon the ground that I think that S. G. Franks could redeem, and that it would follow of course that his creditors could. The restriction upon redemption imposed by section 3102 of the Code applies in my judgment only to the defendant in the action, and possibly to his creditors. S. G. Franks was merely surety upon the defendant's stay bond. Mr. Justice SEEVERS concurs with me in this view.