## FITZGERALD V. KELSO ET AL.

1. **Execution Sale:** APPEAL: REDEMPTION. Under § 3102 of the Code, an execution sale made after appeal taken is without the right of redemption; but an appeal is not taken by service of a notice on the attorney of the execution plaintiff. It must also be served on the clerk of the court. (Code, §§ 3178, 3179.)

2. ———: ACTION TO SET ASIDE: OFFER TO REDEEM. One whose land has wrongfully been sold without the right of redemption may maintain an action to set the sale aside, without offering to redeem, where his right to redeem has constantly been denied; *for the law does not require a man to do a vain thing.*

3. ———: WRONGFUL SALE WITHOUT REDEMPTION: INADEQUATE PRICE: SET ASIDE. When plaintiff's land was sold wrongfully without redemption, and for a grossly inadequate price, and there was a manifest attempt to oppress him by denying his right to redeem, *held* that the sale was properly set aside in equity.

### *Appeal from Hardin Circuit Court.*

### SATURDAY, OCTOBER 23, 1886.

ACTION in chancery to set aside a sheriff's sale, and a deed executed thereon. The relief prayed for in the petition was granted by the decree of the circuit court. Defendants appeal.

*J. H. Scales,* for appellants.

*Brown & Carney,* for appellee.

BECK, J.—I. The record discloses the following facts. The defendant in this case, Kelso, recovered a judgment against Fitzgerald, who is plaintiff in the action before us. Land of the value of $2,050, subject to a mortgage and taxes amounting to $600, was sold on an execution for $276. Prior to the sale, Fitzgerald had served a notice of appeal to the supreme court upon the attorney of Kelso. After the sale, but on the same day, the notice of appeal was served upon the clerk of the court in which the judgment was

rendered, and a *supersedeas* bond was filed. The sale was made without redemption, and on the same day a sheriff's deed was executed to Kelso, who was the purchaser.

II. Defendants claim that the sale was without redemption, for the reason that an appeal had been taken in the

1. EXECUTION SALE: APPEAL: REDEMPTION.

case. Code, § 3102. But no appeal is taken and perfected until the proper notice is served upon the clerk of the court. Code, §§ 3178, 3179. No notice having been served, the appeal was not taken when the sale was had. · It was not, therefore, within the provision of Code, § 3102, and was made subject to redemption.

III. As the deed was made on the same day of the sale, and defendants claim that it is valid, and that plaintiff has

2. ——: ACTION TO SET ASIDE: OFFER TO REDEEM.

no right to redeem, and rely upon the claim to defeat this action, it was not necessary for plaintiff to offer to redeem. His right to do so has been constantly denied since the sale. He loses no right by omitting to do what defendants claim he has no right to do. The law presumes his offer to redeem would not have been accepted, and does not require him to do a vain thing, and will not defeat his right because he did not do it. We conclude that the deed was made without authority, and is void.

IV. The land was sold for less than one-fifth of its value. Under the circumstances of the case, we think the price is

3. ——: WRONGFUL SALE WITHOUT REDEMPTION: INADEQUATE PRICE.

inadequate, and, in view of the fact of this inadequacy and the clearly-established attempt to oppress plaintiff by the denial of his right to redeem; we think equity requires the sale to be set aside.

The decree of the court setting aside the sale and sheriff's deed is

AFFIRMED.