MARRY J. DARR v. H. L. DARR, Appellant.

**Partition:** AMENDED PETITION. An action was brought to procure an adjudication of rights of the parties in certain lands. The original petition was not framed for the purposes of a partition suit and did not have an abstract of title attached, as Code, sections 3278 and 3279, require. After all the evidence was in, plaintiff amended, asking partition. The amendment to petition had no abstract attached. *Held,* said statutes are mandatory and it was error to grant partition.

*Appeal from Linn District Court.*—HON. W. P. WOLF, Judge.

WEDNESDAY, MAY 26, 1897.

ACTION to set aside a contract and deed of conveyance and quiet title to real estate. Decree for plaintiff, from which defendant appealed.—*Modified and Affirmed.*

*M. P. Smith* and *W. O. Clemans* for appellant.

*Thompson & Stuart* and *Jamison & Smyth* for appellee.

GRANGER, J.—I. The action involves the title to lot 28, block 28, in Green's addition to Cedar Rapids, Iowa. The parties are mother and son, the mother being plaintiff. The defendant purchased the lot in question of George Green, in August, 1877, for seven hundred and fifty dollars; three hundred and fifty dollars being paid in hand, and a mortgage given on the lot to secure the payment of the balance of the purchase price. Since the purchase, a house and barn

have been built, and other improvements made on the lot, so that the cost has been in all respects one thousand three hundred dollars. Because of a rise in values in real estate, the premises are now worth considerably more. There is no dispute but that all the business of the purchase, payments, and improvements of the lot has been done by the defendant. There is a decided conflict as to the facts of who furnished the money for such purposes; it being plaintiff's claim that she has furnished all except four hundred and fifty dollars of such amounts, and defendant's claim is that he has furnished the entire amounts. The parties are also in contention as to the understanding in pursuance of which the lot was purchased and improved; the plaintiff's being that, because of defendant's agreements to improve the lot and make a home for her there, and that the two should live there together as long as she lived, and he should support her, she consented that he should take the title in his name, and that she sold her property on Ninth avenue, in Cedar Rapids, and the money was put into the lot and improvements; that she and defendant moved onto the lot in 1881 or 1882, and resided there till 1892, when the defendant left, and she still resides there; that defendant has neglected and refused to care and provide for her as he agreed, because of which she asks relief. On the other hand, the defendant claims that the purchase of the lot, and the improvements thereon, were on his own account, and that the plaintiff has no interest therein; that, while it is true that plaintiff has resided with him on the lot, she did so merely as his mother for whom he cared as long as she would permit him to do so; that he left the home because of her treatment of him and his wife. The testimony deals with a multitude of facts that cannot be made to appear. At the close of the testimony the plaintiff so amended

her petition as to show herself the owner of three-fourths of the premises, and the defendant one-fourth. She also amended the prayer thereof so as to ask partition of the lot on the basis of such shares. The defendant moved to strike the amendment to the petition so made, because the petition as amended did not conform to the law as to petitions for partition of real estate. The court overruled the motion, and, upon issues presented, the court found, upon the evidence before taken, that the plaintiff and defendant purchased the lot together, each furnishing one-half the purchase money; that the title was in the defendant because of an agreement to support plaintiff, which he failed to do; that the title to plaintiff's interest was held in trust; and the court adjudged the shares equal, and ordered partition on that basis.

II. It will be well for us to first settle the status of the case as to the partition. It will be remembered that the amendment of the petition, so as to ask for partition, was made after all the evidence was in on which the cause was finally submitted, so that no evidence was taken under such an issue. It is provided that actions for partition shall be by equitable proceedings, and no joinder or counter-claims of any other kind shall be allowed therein, except as is provided by Code, section 3277. The following are sections 3278 and 3279 of the Code:

"The petition must describe the property and respective interests of the several owners thereof, if known. If any interests or the owners of any interests are unknown, contingent, or doubtful, these facts must be set forth in the petition with reasonable certainty."

"The plaintiff shall attach to his petition, and the defendant to his answer, if he claims title, an abstract of the title relied on, showing from and through

whom such title was obtained, together with a statement showing the page on which the same appears of record. If such title, or any portion thereof, is not in writing, or does not appear of record, such fact shall be stated in the abstract, and either party shall furnish the adverse party with a copy of any unrecorded conveyance or furnish a satisfactory reason for not so doing within a reasonable time after demand therefor. No written evidence of the title shall be introduced on the trial, unless it has been sufficiently referred to in such abstract, which, on motion, may be made more specific, and may be amended as other pleadings."

A very pertinent query, as to this question, is, could partition have been had on the petition as amended, and prayer therefor made, had such a petition been presented at the commencement of the proceeding? All would say, "No." Why? Because it was not a petition for partition that was in substantial compliance with the requirements of the law. It is to be said that none of the requirements of section 3279 were complied with at any time. The court would have no right to set aside those requirements of the statute. It is not important to inquire as to their purpose. They are mandatory, and their nonobservance is fatal, upon proper objections. If this is true, upon what theory may the court, when a cause has been tried upon other issues and upon evidence introduced that is clearly incompetent under issues for partition, permit partition upon an insufficient petition for such a purpose? Appellees say nothing that we can regard as a sufficient answer to this query, and we can conceive of no sufficient answer. Such a proceeding is simply evasive of positive statutory requirements. It is not enough to know that, in this case, there is no prejudice, because of no dispute about the particular matters to be effected by a

compliance with the statute. The law was made for all cases of that class, and the courts must not disregard it for any reason, against proper objections.

III. Upon the merits of the case, as to the rights of the parties to the lot in question, we think the decree of the district court is right. There are facts not easily reconciled with that view, and the same difficulty arises with any conclusion sought in the case. It is a case of loose dealings between mother and son, and naturally so, because of their mutual confidence in each other, at a time when it did not appear but that such relations and confidence would always continue. Defendant has made too many admissions to the effect that his mother had an interest in the lot of considerable value, to easily convince one that he has paid for all the lot and the improvements, and that plaintiff never had any legal rights in it. There are none of us who do not think that at least one-half should go to the plaintiff. If there are doubts, they are in the direction of greater rights to her. In fact, she asks in this court that all the lot be given her; but we do not consider that branch of the case, for the reason that she has not appealed, and in such a case we do not render a more favorable decree for appellee than that entered below. In so far as the judgment provides for a partition of the property it will be reversed. In other respects it will stand affirmed. One-fourth of the costs of the appeal will be paid by appellee.—MODIFIED AND AFFIRMED.