H. A. QUINN, JR., Appellee, v. FIRST NATIONAL BANK OF LOGAN et al., Appellants.

**EXECUTION:  Sale—Redemption—Appeal by Junior Creditor—Effect.**
1    The statutory provision that "no party" who has appealed from the district court shall be entitled to redeem (Sec. 11775, Code of 1924), does not embrace a junior creditor in a mortgage foreclosure. Especially is this true (1) when the appeal by the junior creditor was on the issue of priority between him and another junior creditor, and (2) when the appeal was perfected after the execution sale.

**EXECUTION:  Sale—Redemption—Who May Question.**  Whether any
2    person other than the execution-purchaser is in a position to complain of the right of redemption exercised by a junior creditor, *quaere*.

Headnote 1: 23 C. J. p. 714.

*Appeal from Harrison District Court.*—T. C. WHITMORE, Judge.

DECEMBER 15, 1925.

SUIT in equity to set aside a sheriff's deed. There was a decree as prayed, and the defendants appeal.—*Reversed.*

*P. E. Roadifer,* for appellants.

*Tinley, Mitchell, Ross & Mitchell,* for appellee.

EVANS, J.—I.  The only defendant in interest is the First National Bank of Logan. The sheriff's deed under attack is one acquired by this defendant, pursuant to redemption made by it, as a junior mortgagee, from execution sale under a prior mortgage. The proceedings pursuant to which the sheriff's deed was issued, were had in the case of Ball v. Wood, in the same court.

1. EXECUTION: sale: redemption: appeal by junior creditor: effect.

In such case, Ball, as plaintiff, brought a foreclosure suit against Wood, as mortgagor and owner of the mortgaged property. Junior lien holders were made parties therein, as such, the plaintiff's mortgage being a first mortgage. Two of the parties named therein as junior lien holders were the H. A. Quinn Company and the First National Bank of Logan; the former being the holder of a mechanic's lien, and the latter the holder of a second mortgage. The Quinn Company filed a cross-petition against the First National Bank of Logan, wherein it claimed priority of lien over the second mortgage held by such bank. Said bank denied the priority, and the collateral issue thus made was tried as between such two parties. No issue was made upon the plaintiff's petition, by any party, either lien holder or debtor. The issue between the Quinn Lumber Company and the First National Bank was decided in favor of the Quinn Company, and its lien was established as prior to the second mortgage held by the bank. The Quinn Company asked and obtained judgment for the amount of its claim against the debtor, and for a foreclosure of its lien. Special execution was awarded to it, as well as to the plaintiff therein. The First National Bank did not file a cross-petition, nor did it ask foreclosure or judgment on its second mortgage. No issue was made as between it and the plaintiff, or between it and the principal debtor. One special execution was issued under the decree foreclosing the claims of the plaintiff therein and of the Quinn Lum-

ber Company. These two were the parties-plaintiff to the execution issued. The property was sold under such execution, and bid in by the plaintiff for the amount of his judgment.

After the execution sale was had, the First National Bank appealed to this court from that part of the decree which awarded priority over it to the Quinn Lumber Company. The decree below was affirmed here. Thereafter, and within the statutory time, the First National Bank redeemed from the execution sale already had. The Quinn Company abandoned its lien, and took no benefit therefrom. Before the expiration of the year of redemption, H. A. Quinn, the plaintiff herein, received a conveyance of the property from the owner thereof, the principal debtor. Thereupon he tendered redemption by the payment of the bid at the execution sale, with interest and costs. He declined to recognize the validity of the redemption made by the First National Bank, and ignored the same in his offer of redemption. The principal ground upon which the right of the First National Bank to make redemption is challenged, is that it *appealed* from the decree, and that it became thereby barred from exercising the right of redemption under the provisions of Section 4045, Code of 1897. Such section is as follows:

"The debtor may redeem real property at any time within one year from the day of sale, and will, in the meantime, be entitled to the possession thereof; and for the first six months thereafter such right of redemption is exclusive; but no party who has taken an appeal from the superior or district court, or stayed execution on the judgment, shall be entitled to redeem."

The emphasis of the argument is placed upon the words "no party." The question thus presented is one of the construction of the statute. The construction contended for by the appellee has its plausibility, on first impression. A careful analysis of it, however, discloses a quality of absurdity. In such a case we are required to presume that absurdity was not intended by the legislature, and to scrutinize the statute with the view of thereby avoiding such result, if fairly possible.

In this case, the order from which the First National Bank appealed, did not concern in any manner the execution plaintiff nor the execution purchaser nor the execution debtor. The execution sale was in no manner effected by it. The order from

which it appealed was entered upon a collateral issue between two defendants. The only party affected by it, or interested in it, was the Quinn Company. That company has no present interest in this litigation. It abandoned its lien upon the property, and has no lien thereon now. This is a sufficient indication of the absurd result of construing the statute in the manner claimed.

A careful examination of the statute and its context satisfies us that the statute was not intended to accomplish the end thus sought. Section 4045 deals solely with the right of redemption of the *debtor*. Under this section, no right of redemption is conferred upon junior lien holders, and such subject is in no manner considered therein. That subject is covered by Section 4046. The caption of each section indicates its scope: the one as "a redemption by debtor," and the other "by Creditors." The language of Section 4045 should, therefore, be construed as applying to *debtor-parties*, whether they be many or few in the given case. This view is in accord with our previous decisions construing the parent statute. That statute may be found as Section 3102 of the Code of 1873, and Section 4331 of McClain's Code of 1888. In that statute it was provided that, if the *defendant* appealed, he could not exercise the right of redemption. In *Sieben v. Becker,* 53 Iowa 24, it was held that this prohibition applied only to the *debtor,* the defendant in the execution, and that it did not apply to junior creditors, even though they were made defendants in the action. Likewise in *Miller v. Ayres,* 59 Iowa 424, it was held that the term "defendant" had reference to one who held some title to the property. Though this statute has had the consideration of this court many times, its language has always been held as applying to debtor-defendants alone, and never to junior creditors. We do not think that the change of the word "defendant" to the word "party" calls for any different construction of the statute at this point. A "party" to a case is necessarily either a defendant or a plaintiff. It is not apparent how this statute could ever apply to a *plaintiff;* so that its only possible application would be to a defendant. The reason which obtained, therefore, for the construction adopted in our earlier cases still remains, and requires the same construction.

II. It further appears from the record that the appeal of the First National Bank under consideration was not taken until *after* the execution sale. In *Fitzgerald v. Kelso,* 71 Iowa 731, it was held that even the debtor-defendant was not barred from the right of redemption under this statute, unless his appeal was taken *before* the execution sale. In that case the appeal was perfected after the execution sale, though on the same day, and it was held that the statute did not apply. The same rule being applied to the case at bar, it is quite conclusive against the appellee.

III. It is also a grave question whether any person other than the execution purchaser is in a position to complain of the right of redemption exercised by a junior creditor. It is

2. EXECUTION: sale: redemption: who may question.

true that the debtor-defendant does have an indirect interest at least in being able to make his own redemption, to the exclusion of junior lien holders. But this particular clause of the statute does not purport to be made in his favor, but purports to be in protection of the right of the execution plaintiff, and incidentally the right of the execution purchaser. In this case, the execution purchaser accepted the redemption of the First National Bank, and voluntarily assigned his certificate of purchase. Whether this of itself would operate to the protection of the appellant herein is a question upon which we have no occasion now to form or express an opinion. We refer to it now, only as fortifying the reasonableness of the construction adopted in the first division hereof and the possible absurdity of the reverse construction. The district court entered decree holding the redemption invalid, and setting aside the sheriff's deed. We think this was erroneous.

The decree is, accordingly, reversed.—*Reversed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.