Donna M. HANSEN and John R. Hansen, Appellants,

v.

The STATE of Iowa, Appellee.

No. 63278.

Supreme Court of Iowa.

Nov. 12, 1980.

Leon F. Spies, Iowa City, for appellants.

Thomas J. Miller, Atty. Gen., and Jon K. Swanson, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, McGIVERIN and SCHULTZ, JJ.

SCHULTZ, Justice.

This action arose under the Iowa Tort Claims Act, ch. 25A, The Code 1977. We must determine when an action commences for the purpose of tolling the time limitations stated in section 25A.13. Plaintiffs claim this occurs when a petition is filed. Defendant asserts that service on the attorney general is the necessary act. These two positions were presented to the trial court in a proceeding upon defendant's motion for summary judgment. The trial court ruled that the statute was not tolled until service was obtained on the attorney general and entered summary judgment dismissing plaintiffs' action as not being timely commenced. We reverse.

Plaintiffs, husband and wife, filed a tort claim with the state appeal board, pursuant to chapter 25A. Details of the claim are irrelevant to the issue presented on this appeal. No issue is made with respect to the manner and type of claim filed. The claim was denied on March 22, 1978, triggering the extended six-month limitation period provided in section 25A.13, thus allowing plaintiffs until September 22, 1978, to bring a timely suit. Plaintiffs filed their petition on September 20, 1978, with the clerk of court in Johnson County. Their original notice was received by the Polk County sheriff on September 22 but was not served on the attorney general until September 28, 1978.

Iowa R.Civ.P. 48 and 55, along with unnumbered paragraph four (hereinafter referred to as paragraph four) of section 25A.4 and section 25A.13, provide the basis for the conflict presented on this appeal. These provisions state:

[Rule 48]. A civil action is commenced by filing a petition with the court.

[Rule 55]. For the purpose of determining whether an action has been commenced within the time allowed by stat-

utes for limitation of actions, whether the limitation inheres in the statutes creating the remedy or not, the filing of a petition shall be deemed a commencement of the action.

[Paragraph four of section 25A.4]. A suit is commenced under this chapter by serving the attorney general or his duly authorized delegate in charge of the tort claims division by service of an original notice.

[Section 25A.13]. Every claim and suit permitted under this chapter shall be forever barred, unless within two years after such claim accrued, the claim is made in writing to the state appeal board under this chapter. The time to begin a suit under this chapter shall be extended for a period of six months from the date of mailing of notice to the claimant by the state appeal board as to the final disposition of the claim or from the date of withdrawal of the claim from the state appeal board under section 25A.5, if the time to begin suit would otherwise expire before the end of such period. . . .

The quoted rules became effective on July 1, 1975, and the quoted section of 25A.4 was added and became effective on July 1, 1969, four years after the enactment of chapter 25A.

The trial court ruled that "the time to begin a suit" language contained in section 25A.13 was controlled by section 25A.4 rather than by rule 55. Defendant advances two arguments in favor of the ruling. First, it alleges chapter 25A is a limited waiver of immunity of the state and must be followed strictly, causing the procedural requirements to be jurisdictional. Second, it asserts section 25A.4 and rules 48 and 55 are not inconsistent because section 25A.13 is not a statute of limitation but a statute of creation and thus stands independently of the rules. We disagree for the reasons set out in Divisions I and II of this opinion.

No challenge has been made, either in the trial court or here on appeal, that summary judgment is not the proper method to adjudicate the issue of untimely commencement.

Thus, we will limit our review to matters asserted before the trial court and argued on appeal. *See Zeman v. Canton State Bank*, 211 N.W.2d 346 (Iowa 1973); *State v. Matlock*, 289 N.W.2d 625 (Iowa 1980).

I. *Limited immunity--strict compliance.*

■ Prior to the enactment of chapter 25A, tort suits could not be brought against the state because such suits were prohibited by the doctrine of sovereign immunity. The state may now be sued in tort only in the manner and to the extent to which consent has been given by the legislature. *Lloyd v. State*, 251 N.W.2d 551, 555 (Iowa 1977). The defendant maintains that under these strict compliance dictates plaintiffs have not commenced their suit properly as it was untimely served on the attorney general. We believe that these principles fail to give specific guidance on the question at issue in this case, however.

Section 25A.13 contains the phrase "time to begin a suit" with no further direction as to what act starts the time. Section 25A.4 and rule 55 both use the term "commence" referring to different events, thus creating a conflict as to which event governs. It is necessary to construe the meaning and relationship of the statutes and rules. We must determine which event determines when a suit is timely commenced.

■ The goal in construing statutes is to ascertain legislative intent. In doing this we may consider the language used in the statute, the objects sought to be accomplished, the evils and mischief sought to be remedied, and we may place a reasonable construction on the statute which will best effect its purpose rather than one which will defeat it. *Crow v. Shaeffer*, 199 N.W.2d 45, 47 (Iowa 1972). It is a well-known rule of statutory construction that the intent of the legislature prevails over the literal language of a statute. *Northern Natural Gas Co. v. Forst*, 205 N.W.2d 692, 695 (Iowa 1973). The spirit of the statute must be considered as well as the words. *Dobrovolny v. Reinhardt*, 173 N.W.2d 837, 840 (Iowa 1970). A sensible, workable, practical, and logical construction should be

given. *Janson v. Fulton*, 162 N.W.2d 438, 443 (Iowa 1968). Inconvenience or absurdity should be avoided. *Quinn v. First National Bank*, 200 Iowa 1384, 206 N.W. 271 (1925). When a revised statute is ambiguous or susceptible of two constructions, reference may be made to prior statutes for the purpose. of ascertaining intent. *Hanover Insurance Co. v. Alamo Motel*, 264 N.W.2d 774, 778 (Iowa 1978). A revision will not be construed as altering a particular statute absent a clear, unmistakable legislative intent. *Kelly v. Brewer*, 239 N.W.2d 109, 114 (Iowa 1976).

To apply these principles of construction, it is necessary to examine the content of original chapter 25A, its change in 1969, and the Iowa Rules of Civil Procedure in effect at the particular time. In 1965, at enactment, section 25A.4 did not contain the fourth paragraph. No manner of commencement of suit for any purpose was specified, nor was anyone designated to be served. However, section 25A.6 did provide that the practice and procedure was to be in accordance with the Rules of Civil Procedure.

In 1965 rule 48 provided that a civil action was commenced by serving the defendant with an original notice. Rule 49 provided that the delivery of the original notice to the sheriff of the proper county with intent to serve immediately was deemed a commencement for the purpose of determining whether an action was timely commenced. It should be noted that this rule provides a special method of commencement for the purpose of tolling the statute of limitations. Case law also provided that serving the original notice tolled the statute of limitations. *Baker v. Baker*, 248 Iowa 361, 364, 81 N.W.2d 1, 3 (1957). No specified provision in the statute or rules was provided for serving the state, but Iowa R.Civ.P. 56(n) provided that if service could not be made by any designated method the defendant could be served as provided by court order.

■ We conclude that the legislature intended rules 48 and 49 to define the commencement of suit and to specify the event which would toll the limitation of action

provision contained in section 25A.13. These rules gave specific guidance· and dovetailed into chapter 25A, providing a complete procedure for chapter 25A. We further conclude that rule 56(n) provided a method of obtaining a name of a person to be served by securing a court order. This construction preserves the objects of the act and gives effect rather than defeats them.

Rule 56(n) does not prescribe a definite procedure but only supplies a method to obtain the name of the person to be served by indirection. This presented the state with the burden of having different state officials served with notice by the various court orders. We believe that the legislature in 1969 attempted to correct this problem by enacting the fourth paragraph of section 25A.4.

We do not accept the defendant's theory that the amendment's words "suit is commenced" refer to the limitation on bringing suit referred to in section 25A.13. There are no words in the amendment which purport to make that connection. The construction urged by the state would create a conflict between the amendment and then-existing rule 49. Rule 49 provided a specific method for tolling the statute of limitation. We have no basis for believing the legislature intended to create a different method for tolling the limitation in section 25A.13 by merely amending section 25A.4 to identify the person to be served. The amendment falls far short of manifesting a clear and unmistakable intent to repeal the applicability of rule 49 to the limitation period contained in section 25A.13.

In 1975 rule 49 was renumbered 55. The event determining commencement for tolling purposes was changed to the filing of the petition. There is no indication of any intent to change the applicability of the rule to section 25A.13. We conclude rule 55 designates the starting of a suit for purposes of section 25A.13.

## II. *Limitation or creation?*

We said in Division I that at the time of enactment of chapter 25A the legislature

intended to adopt the procedure of rule 49 as the method of tolling the six–month limitation period contained in section 25A.13. Consequently, rule 55 specifies the event which tolls the limitation period in section 25A.13 whether the statute is a statute of creation or an ordinary statute of limitation. Rule 55 does not change the time or substance of the limitation contained in section 25A.13. It merely specifies the time of the beginning of the suit for tolling purposes. We hold that the filing of the petition with the clerk of court within the six–month period was timely under rule 55.

The trial court erred in entering summary judgment for defendant.

REVERSED AND REMANDED.