**FARMERS TRUST AND SAVINGS BANK, Appellee,**

v.

**Ralph F. MANNING and Florence M. Manning, a/k/a Florence Margaret Manning, Appellants.**

No. 83–938.

Supreme Court of Iowa.

Dec. 19, 1984.

Rehearing Denied Jan. 10, 1985.

Robert W. Sackett, Donald J. Hemphill and Bradley B. Howe of Sackett, Sackett, Hemphill & Howe, P.C., Spencer, for appellants.

Christopher A. Bjornstad of Cornwall, Avery, Bjornstad & Scott, Spencer, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

HARRIS, Justice.

This quiet title action was brought by a bank following a mortgage foreclosure proceeding. It is our second review in the matter. See *Farmers Trust and Savings Bank v. Manning*, 311 N.W.2d 285 (Iowa 1981). This appeal involves a constitutional challenge to an Iowa statute which provides that mortgagors waive their statutory equity of redemption by appealing a judgment of foreclosure. It also challenges the trial court's scheme for untangling and settling the conflicting claims and rights of the parties. We affirm.

As was mentioned in the previous appeal, defendants are husband and wife who raised and marketed poultry. In connection with that venture, they borrowed money from plaintiff bank. Two of the eight notes in controversy were signed by both defendants (Ralph and Florence). Six were signed by Ralph alone.

The first note was jointly executed and was secured by a real estate mortgage on two tracts owned by Ralph and Florence as tenants-in-common. The second note was also jointly executed and was secured by another mortgage, this one on a 79-acre tract which Ralph and Florence also owned as tenants-in-common. The second mortgage contained an open-end, or dragnet, provision which would secure an additional $31,000 if Ralph and Florence borrowed it.

The next four notes were executed by Ralph alone and were thought by both Ralph and the bank to be secured under the dragnet provision in the mortgage securing the second note. The last two notes were executed by Ralph alone and were secured by a security agreement given by Ralph on 10,000 pullets.

Each of the notes Ralph executed alone had a one year maturity date. One of them matured and Ralph was unable to pay. The bank then invoked the acceleration clause and declared all notes due. The trial court entered judgments against Ralph and Florence jointly on the two notes they both signed and against Ralph separately on the notes he alone signed. After Ralph and Florence brought the first appeal, but before it was decided, the bank pursued a foreclosure sale of all three tracts of land.

The bank, being the only bidder, entered successful bids on all three tracts and used the judgments as consideration. Judgment on the first note served as consideration for the first two tracts, which had been mortgaged to secure that note. On the third tract the bank bid in the judgment on the second, jointly executed, note (secured by a mortgage on tract 3), and also judgments on the six notes Ralph alone signed.

We later filed our opinion in the first appeal. We affirmed the two judgments based on the jointly executed notes. We however affirmed on only one of the six notes Ralph signed alone, the one secured by the mortgage on poultry. We reversed on the other five. We held that none of the notes Ralph alone signed were secured by

the mortgage on tract 3. 311 N.W.2d at 292.

The foreclosure on the third tract thus remains very much in dispute. Of the $160,894.80 [1] in judgments bid as consideration, $59,310.09 was reversed on appeal, and an additional $14,858.48 was found to be secured by 10,000 pullets not the real estate mortgage. On the basis of sheriff's deeds the bank took, and retains, possession of all three tracts.

Ordinarily a sheriff's deed is not issued for one year following the foreclosure sale.[2] *See* Iowa Code § 626.98 (1981). In this case, the bank's attorney persuaded the sheriff to issue the deed soon after the first appeal was taken. This was done on the basis of Code section 628.4, which provides:

> No party who has taken an appeal from the ... district court, or stayed execution on the judgment, shall be entitled to redeem.

More than a year after we decided the first appeal the bank brought this quiet title action, asking ratification of the sheriff's deeds. The petition affirmatively addressed two potential problems. It first spoke to the partial failure of consideration, resulting from our decision in the first appeal. The bank asserted there remains enough consideration to justify issuing the deeds. Secondly, the petition noted that the sheriff's deeds were issued within the one year redemption period specified by Iowa Code section 628.3 and justified their issuance within that period on the basis of Iowa Code section 628.4, previously quoted, which provides that an appeal waives the right to redeem.

On the first two tracts, the trial court quieted title in favor of the bank. The bank and the Mannings were found to share interests in the third tract. Because the third was mortgaged to secure one of the jointly executed notes (judgment amount: $86,726.23), the trial court determined that the bank had a paramount interest in the tract in that amount.[3] The Mannings were found to hold any remaining interests. The trial court then fashioned a partition remedy to untangle the divided interests in the third tract.

I. In their constitutional challenge to section 628.4, the Mannings point out that the right to redeem has long been a recognized property right. *Wissmath Packing Co. v. Mississippi River Power Co.*, 179 Iowa 1309, 1326, 162 N.W. 846, 851 (1917). They then argue that the section deprives them of this recognized property right. Their challenge rests on both due process and equal protection grounds.

■ Without doubt, the right to enjoy property is constitutionally protected. *Lynch v. Household Finance Corp.*, 405 U.S. 538, 552, 92 S.Ct. 1113, 1122, 31 L.Ed.2d 424, 435 (1972). We nevertheless think Iowa's statutory scheme is constitutional.

■ The right to appeal and the right to redeem are, alike, statutory and not constitutional. *Iowa Dept. of Revenue v. Iowa Merit Employ. Comm'n*, 243 N.W.2d 610, 614 (1976) ("[A]ppellate review is purely statutory and subject to strict construction."); *Van der Burg v. Bailey*, 207 Iowa 797, 799, 223 N.W. 515, 516 (1929) ("The right of appeal is not an inherent or constitutional right. The legislature may give or take it away, at its pleasure."); *Northwestern Mutual Life Ins. Co. v. Hansen*, 205 Iowa 789, 794, 218 N.W. 502, 505 (1928) (" 'There is no general right of redemption from judicial sales; but when such right exists, it is by statute, and the right extends only to cases coming within the statute, ... and must be exercised in pur-

---

1. For simplicity, we omit the interest generated between the date of judgment and the date of foreclosure sale.

2. The period can be shortened by agreement under Iowa Code § 628.26, or if the property is abandoned under Iowa Code § 628.27. Effective July 1, 1984, the period is shortened for non-residential and non-agricultural property. House File 2428, 1984 Iowa Legis.Serv. 116–17 (West) (to be codified at Iowa Code § 628.28).

3. Again, for simplicity, we ignore interest from date of judgment to date of foreclosure sale.

suance of the statute—otherwise it will be ineffective.' ").

■ The challenged statute has been a part of the Iowa Code since 1873. The statutory right to redeem, now section 628.-3, dates from the Code of 1851. Some light on the present challenge is cast by a review of our cases during the decades when the right to redeem existed, but before it was waived by an appeal. Then, as now, the right was said to run from the date of execution sale. Iowa Code § 1926 (1851). We nevertheless found that the period could be extended by actions of the parties. *Hughes v. Feeter*, 23 Iowa 547, 550 (1867) (controversy over right of sale, property sold for "small portion" of its value, and other matters justified continuation of right to redeem until final adjudication.); *Wickersham v. Reeves & Miller*, 1 Iowa 412, 419 (1855) ("inasmuch as this bill is brought to adjust the equities ... we conclude we are justified and still giving ... the right to redeem ....").

■ Under these precedents it is easy to imagine there would be a strong motive for appeal. An appeal could not adversely affect the right of redemption, and might in fact extend it. The legislative response was to enact the challenged statute which, together with the older one granting the right of redemption, sets up a scheme which carefully balances the rights and obligations of all those involved when a real estate mortgage is foreclosed.

■ The plan is certainly straightforward. When a judgment of foreclosure is entered, the debtor can claim either but not both of the two statutory rights. The judgment can be appealed or the debtor can redeem within one year. Our cases have long made it clear that an appeal can be taken after the sale itself without waiving the right to redeem. *Quinn v. First Nat. Bank of Logan*, 200 Iowa 1384, 1388, 206 N.W. 271, 273 (1925); *Fitzgerald v. Kelso*, 71 Iowa 731, 732, 29 N.W. 943, 944 (1886). There is no waiver of the right to redeem when a party who has been denied that right successfully appeals the denial. *Kil-*

*mer v. Gallaher*, 116 Iowa 666, 669–70, 88 N.W. 959, 960–61 (1902). The waiver does not apply to a vendee who acquires an interest in the property prior to the vendor's appeal. *Thayer v. Coldren*, 57 Iowa 110, 113–14, 10 N.W. 300, 301–02 (1881). Neither does the waiver apply where the mortgagors appeal from an adverse ruling on their compulsory counterclaim. *Harrington v. Polk County Federal S & L*, 196 N.W.2d 543, 546–48 (Iowa 1972).

■ Once a right to appeal is granted to members of a group there must be some reasonable justification for withdrawing it from some of them. *Lindsey v. Normet*, 405 U.S. 56, 77, 92 S.Ct. 862, 876, 31 L.Ed.2d 36 (1972). The United States Supreme Court has stated:

> This court has held that if a full and fair trial on the merits is provided, the due process clause of the fourteenth amendment does not require a state to provide appellate review .... When an appeal is afforded, however, it cannot be granted to some litigants and capriciously or arbitrarily deny it to others without violating the equal protection clause.

*Id.* Two justifications have been advanced for the statute. First, it is said the waiver cuts down the delay that would otherwise be obtained by debtors who pursue frivolous appeals merely to buy time. In other words, the section is said to prevent the unfair extension of the redemptive period by delaying tactics. *Blum: Iowa Statutory Redemption After Mortgage Foreclosure*, 35 Iowa L.Rev. 72, 74–75 (1949). The second justification for section 628.4 is that it makes title more marketable. *See R.G. Patton: Iowa Land Title Examination* § 202, 360–61 (West 1929).

In response to these justifications, which come down to the same thing, it is urged that the statute fails in its purpose because the delay flows from the appeal and not from the one-year period of redemption. No legislative records or documents exist which can shed any light on what prompted the legislature to enact section 628.4 more than 120 years ago. It seems likely that there was some dissatisfaction with our

cited cases which extended redemption rights beyond the one-year period following sale. *See Hughes* and *Wickersham.* There was obvious concern about the time pending appeal during which title remained unsettled. It is conceivable that there was support for running the redemption period from when judgment was affirmed on appeal.

Deciding the legislators' motives is mere speculation. Whatever their reasons they settled on the plan now under challenge. We must assume they carefully weighed the respective rights of debtors and lenders and kept in mind the fact that for financing to be available the scheme had to be fair for both lenders and borrowers. It is not for us either to endorse or criticize the plan. Courts usually express a stalwart reluctance to declare a statute unconstitutional. We have many times quoted the following from *Keasling v. Thompson,* 217 N.W.2d 687 (Iowa 1974):

> Plaintiffs have assumed a heavy burden as the following propositions are well established. Ordinarily, statutes, with notable exceptions not here involved, regularly enacted by the legislature will be accorded a strong presumption of constitutionality and all reasonable intendments must be indulged in favor of the validity of the legislation attacked. One who challenges legislation on constitutional grounds has the burden to negate every reasonable basis upon which the statute may be sustained. Where the constitutionality of a statute is merely doubtful or fairly debatable, the courts will not interfere. Thus a statute will not be declared unconstitutional unless it clearly, palpably and without doubt, infringes the constitution. [Authorities.] The legislature is given wide discretion in defining the limits of classes when a statute involves classification of persons or things. If a classification is reasonable and operates equally upon all within the class, it is a valid classification. [Authority.]
>
> The judicial branch of government has no power to determine whether legislative Acts are wise or unwise, nor has it the power to declare an Act void unless it is plainly and without doubt repugnant to some provision of the Constitution. [Authority.]

*Id.* at 689–90.

■ The Mannings argue with considerable force that the scheme is unfair to them or to anyone with a legitimate desire to appeal. The soundness of the scheme is certainly debatable. But we cannot say it is without justification. The legislature might well have rejected the waiver idea as exacting too much from debtors who might otherwise take frivolous appeals, thereby delaying final disposition and leaving titles clouded. But we think this criticism does not rise to constitutional dimensions. It was for the legislature to sort through the conflicting claims of fairness on behalf of both borrowers and lenders. The Mannings have not carried their burden of showing that section 628.4 is unconstitutional.

II. In order to untangle the parties' joint interests in tract 3, the trial court ordered partition. The Mannings challenge this as an inappropriate remedy. We do not pass on the propriety of the remedy because the Mannings requested it and the bank agrees to it.

■ In what they called an application for hearing to clear land titles, the Mannings asked the court to clear titles and included a prayer for general equitable relief. In a post-trial written brief they suggested "several reasonable avenues," noting that two of them "would probably lead to the necessity of a court-ordered partition." Ordinarily there must be specific grounds for and a petition for partition. *See Hindman v. Reaser,* 246 Iowa 1375, 1380, 72 N.W.2d 559, 562 (1955); *Darr v. Darr,* 102 Iowa 453, 456, 71 N.W. 419, 420 (1897). These authorities make it clear, however, that there must be a proper objection to proceeding in partition in order to preserve any error. In the present case there was no objection. Having requested it, the Mannings cannot complain of the partition remedy.

III. As noted, five of the judgments which the bank credited on its bid for tract 3 were later reversed in the first appeal; however, judgment on the largest note, for $86,726.23, was affirmed. The trial court set aside the sheriff's deed on tract 3 before ordering the partition sale. It directed the referee in partition to file an accounting of the gross and net rentals collected by the bank for tract 3. After the sale has been completed, we assume the trial court can and will establish the respective interests of the bank and each of the Mannings.

On one point we agree with the Mannings. In our opinion on the first appeal we held, as previously noted, that the notes executed by Ralph alone were not covered by the mortgage. The trial court in this action nevertheless held that the bank had an equitable lien on Ralph's interest in tract 3 to the extent of the same note obligations. We find no basis for such a lien, either in our decision in the first appeal, or in any authority cited to us. *See In re Frentress' Estate,* 249 Iowa 783, 790, 89 N.W.2d 367, 370 (1958). The trial court should not have found an equitable lien.

The net earnings from tract 3 are to be paid over on the basis of the trial court's determination of the parties' interests, setting aside the claim of an equitable lien.

We have not ignored the Mannings' other assignments. To address them would unduly extend this opinion. We have examined them and find them without merit. We find no reversible error.

AFFIRMED.