MAYER ET AL. V. FARMERS' BANK ET AL.

1. **Redemption**: TIME WHEN TO BE MADE: ACTION ON THE NOTE. Where an action at law was brought upon notes secured by mortgage, under section 3664 of the Revision, a junior lien-holder upon the land covered by the mortgage had the right to redeem only as provided in that section of the statute. He had a *right* of redemption as distinguished from an equity of redemption. BECK, J., *dissenting.*

2. ———: JUDGMENT: LIEN. The judgment obtained was properly made a lien upon the lands covered by the mortgage.

3. ———: ———: ———. If the judgment was by its terms made a lien upon all the real estate of defendant including other than that covered by the mortgage, it would not be void, but voidable only as to that not embraced in the mortgage.

4. ———: ———: EXECUTION. In a proceeding under the statute above quoted, the judgment may be enforced by general execution.

*Appeal from Washington District Court.*

WEDNESDAY, OCTOBER 4.

ACTION in equity. The petition states that S. R. Mather executed four promissory notes and secured the same by mortgage, and in September, 1870, one Keck brought suit on the notes and stated that the same were secured by mortgage on certain lands, describing them, and asked that the judgment obtained on the notes operate as a lien on the lands from the date of the mortgage; that in June, 1870, the Farmers' & Merchants' Bank recovered a judgment against Mather, in the Circuit Court; that on the 26th day of December, 1870, the premises described in the mortgage (except the homestead, and about which there is no controversy), were sold, under and by virtue of a general execution issued on the Keck judgment, and the same purchased by him; the sale being subject to redemption, the sheriff executed to Keck a certificate of purchase. From other statements in the petition, it is shown that a deed was subsequently obtained from the sheriff, and that whatever title Keck obtained under the mortgage, judgment, sale and deed, belongs to the plaintiffs. It is further

stated in the petition, that defendants are the owners of the judgment obtained in June, 1870, and thereunder claim the right to redeem from the sale so made; and the petition asks that they may be compelled to disclose whatever claim they may have; that plaintiff's title be quieted, and defendants enjoined from asserting any lien by reason of said judgment, and for general relief.

The answer denies certain parts of the petition and admits others, and by way of cross-petition defendants state: That the judgment rendered in June, 1870, remains unsatisfied, and that the same operated as a lien on said real estate; that defendants were not made parties to the Keck judgment; that plaintiffs have been in possession of the premises from the time of the execution of the deed, and have received the rents and profits thereof, which are stated to be of the value of three dollars per acre. Defendants then state what they desire and propose to do, as follows: "That they should be permitted to redeem said real estate by paying the amount due upon said mortgage, less the rents and profits accruing from said real estate since its purchase and conveyance by the sheriff, and pray an account of the amount necessary to be paid to redeem said real estate, that a time be fixed in which they may redeem by paying the amount fixed, that plaintiffs be required to convey to them, and for general relief." The answer to the cross-petition denies a portion thereof and admits the residue, and claims that plaintiffs have made large and valuable improvements, which they ask may be deducted from the rents and profits.

The District Court dismissed the cross-petition, granted the plaintiffs the relief asked, and the defendants appeal.

*H. & W. Scofield*, for appellants.

*McJunkin, Henderson & Jones*, for appellees.

SEEVERS, CH. J.—I. It is regarded as elementary and indisputable, in the absence of a statute to the contrary, that junior lienholders have the right of redemption, where there has been a foreclosure of a mortgage on real estate to which

they have not been made parties. It is unnecessary, in order to sustain this proposition, to cite authorities. But there has not been a foreclosure of any mortgage in this case, in the strict acceptation of the term. The proceeding under which the plaintiff claims was a statutory action at law, and what are the respective rights of the parties must and can only be determined by a proper construction of the statute.

II. Rev., Sec. 3663, contemplates an action on the note or bond, or on the mortgage, at plaintiff's election; and Sec.

1. REDEMP-TION: when to be made: action on the note.

3664 provides: "When a judgment is obtained in an action on the bond, the property mortgaged may be sold on execution issued thereon, and the judgment shall be a lien thereon from the date of the recording of the mortgage. The mortgagor, or any other person having a lien on the mortgaged premises, or any part thereof, may redeem the same after sale within the same time and on the same terms as are provided in Chap. 125, in cases of real estate, sold on ordinary or general execution."

This action on the note is independent of the foreclosure of the mortgage, and is a remedy provided by statute in addition thereto. It was entirely competent for the General Assembly to take away the right of redemption entirely or prescribe terms and limitations as to the manner such right should be exercised. *Kramer v. Rebman*, 9 Iowa, 114.

Admitting for the present that the action brought by Keck was in strict accord with the statute, and the lien duly and properly declared by the court, and the sale properly made, then the statute expressly declares that any person having a junior lien on the premises may redeem the same after the sale, within the same time and on the same terms as are provided in cases of real estate sold on ordinary or general execution. This, we think, implies very clearly that the redemption can only be in the mode pointed out by statute.

In other words, the action or proceeding is at law, with power given the court to declare the judgment a lien on the premises from the date of the mortgage. Ordinarily, judgments at law become liens from the date of their rendition only. When a sale of real estate takes place under them,

junior lienholders may redeem. So, in the other case, the whole proceeding is identical with the case where the judgment becomes a lien only when it is rendered, including the right of redemption. The fact that the junior lienholder is not made a party has equal significance in both cases.

The argument of hardship or absolute right applies with equal force to both. The statute, it seems to us, is too plain to admit of any other construction than we have indicated; that is, the redemption must be made within the statutory period, and not afterward. *Heimstreet v. Winnie*, 10 Iowa, 431; *White v. Watts*, 18 Id., 76, and *Newcomb v. Dewey*, 27 Id., 381, cited by counsel, have no bearing on the question involved, for the reason they were all cases of foreclosure of mortgages by equitable proceedings. Previous to the Code, a mechanic's lien was declared and enforced by an action at law. In *The State v. Eads*, 15 Iowa, 114, it was held that a mortgagee who had a lien on premises against which a mechanic's lien was established in such action, and who was not made a party thereto, had no right of redemption after the statutory period had expired; the reason being that the enforcement of the mechanic's lien being at law, there did not exist an equity of redemption other than that provided by statute.

It must be true, under section 3664 of the Revision, that the mortgagor can only redeem as therein provided; and we believe it will be conceded that the same rule will apply as to all lienholders who are made parties. But, as the action under such section is at law, lienholders cannot be made parties. A petition, in which they should be made defendants, and which should contain the appropriate averments and prayer, would be a petition in equity. No distinction is made by the statute between lienholders who are made parties and those who are not; all are placed on the same footing, and must redeem within the statutory period.

Why should lienholders have any greater time than the statutory period to redeem, if that is all that is wanted? If time is desired to contest the mortgage and set aside the sale, that is quite another thing. From this they would not be

precluded by the sale any more than they would be precluded by a foreclosure sale when they were not made parties to the foreclosure suit. Where there are lienholders a good title can only be made by foreclosure suit to which lienholders are made parties. Whoever purchases at a sale made under Rev., section 3664, purchases subject to the right on the part of the lienholders, if there are any, to contest the mortgage at any time before they are barred by the statute of limitations.

The equity of redemption must not be confounded with a right of redemption. A mortgagor has an equity of redemption until the sale, and not afterward, and this is true whether the sale is made upon foreclosure or under Rev., section 3664. After sale, he has a right of redemption if the statute gives it, and so has the lienholder.

A sale made under section 3664 cuts off the mortgagor's equity, because he has had his day in court; whatever equities the lienholder has are not affected. He has not had his day in court; he may still be heard. But if he desires simply to redeem from the judgment he has no equitable right to enforce, and must exercise his right to redeem within such time as is allowed by law.

III. The petition referred to the mortgage, described the real estate, and asked that the judgment be made "a lien on the lands conveyed in the mortgage." This was in strict and literal accord with the statute, and the court rendered judgment and made it a lien, as asked in the petition. We think so far the proceedings are clearly right and entitled the plaintiffs to the relief asked, unless for some other reason it cannot be had.

2. ——: judg-ment: lien.

IV. Defendant's abstract shows that the judgment was made a lien as follows:

"It is further ordered and adjudged by the court that this judgment shall operate, and be a lien upon the real estate of defendant, from the 23d day of May, 1868." The plaintiffs deny the correctness of this portion of the abstract, but conceding it to be correct, we think it clearly sufficient. The point urged is, that the judgment is made a lien on the real estate of defendant, instead of being confined

3. ——: ——:——.

to that described in the mortgage. This clearly did not make the judgment or lien void, it was voidable only; and even in a direct proceeding instituted for that purpose, could only have been avoided as to the excess, over and above the lands described in the mortgage. Being a junior lienholder the law presumes defendants had notice of the proceeding, and whether this is so or not as we have seen there could be no redemption, except in the manner prescribed by law. It was, therefore, incumbent on defendants to take notice of the judgment and lien, in case they desired to exercise their right of redemption. Certainly the judgment and lien were sufficient to put them on inquiry. There is no pretense they ever offered or sought to redeem, and were misled by the judgment and lien.

V. The sale was made under a general execution, and it is insisted this is such an irregularity as will let the defendants in to redeem. In this view we do not concur, *execution.* because; 1. The statute makes no provision for a special exection, and the action being at law it will be presumed, in the absence of any such provision, the ordinary and general execution was intended by the use of the term execution only; 2. It is the lien and sale that constitutes the right and not the particular form of the execution; 3. In foreclosure cases a special execution *is* directed to issue. Rev. Sec. 3661. This clearly indicates that the execution mentioned in Sec. 3664 is general, and not special, and 4. The fact that the lien of the judgment related back to a period anterior to the judgment no more required a special execution to enforce it, than if the lien bore even date with the judgment. It is exceedingly doubtful whether *Redfield v. Hart*, 12 Iowa, 355, applies to a person seeking to redeem, but if it does so much of that decision as refers to the form of the execution is mere *dictum*, and has no force as a precedent.

AFFIRMED.

BECK, J., *dissenting.*—I cannot concur in the conclusion reached in the foregoing opinion. It is, in my judgment, so absolutely erroneous that I cannot acquiesce in the decision,

but am constrained to express my dissent thereto, which I will do as briefly as possible.

The facts of the case, so far as they are involved in the single point which I shall discuss, are these: In June, 1870, defendants recovered judgment at law against one Mather. In September following, Keck brought an action upon certain notes executed by Mather, and secured by mortgage upon certain lands. A judgment was subsequently rendered in this action, which, granting the relief therein sought, provided that the mortgaged land should be subject to the lien of the judgment from the date of the recording of the mortgage. The lands were subsequently sold upon the judgment, and the time prescribed for redemption by the statute having expired, a sheriff's deed was executed under which plaintiffs now claim the lands.

The defendants, not having been made parties to the action brought by plaintiffs, wherein the judgment was rendered which by its provisions is declared to be a lien upon the lands, dating back to the execution of the mortgage, claim the right to redeem the lands as junior incumbrancers, insisting that their equity of redemption has not been foreclosed by the judgment and sale. Plaintiffs bring this action to quiet their title to the lands, claiming that defendants have no right or equity of redemption in the property. The defendants in a cross-bill set up the right claimed by them, and prayed that it might be enforced. The District Court dismissed defendant's cross-petition and granted the relief sought by plaintiffs.

I will proceed to set out the provisions of the statute in force at the time the rights of the respective parties accrued, which are applicable to the case under consideration. They will be found in the Revision of 1860.

"3660. The holder of any mortgage of real estate must proceed by civil action, in the District Court, when he wishes to foreclose the same."

"4179. The action on a note, together with a mortgage or deed of trust, for foreclosure of the same, shall be by equitable proceedings and tried by the second method of trying equitable actions. An action on the bond or note alone, without

regard therein to the mortgage or deed of trust, shall be by ordinary proceedings."

"3663. If separate suits are brought on the bond or note, and on the mortgage given to secure it, the plaintiff must elect which to prosecute. The other will be discontinued at his costs."

"3664. Where a judgment is obtained in an action on the bond, the property mortgaged may be sold on the execution issued thereon and the judgment shall be a lien thereon from the date of the recording of the mortgage. The mortgagor or any other person having a lien on the mortgaged premises, or any part thereof, may redeem after sale within the same time and on the same terms as are provided in Chapter 125, in cases of real estate sold on ordinary or general execution."

Section 3663 and the first sentence of 3664 are copied from the Code of 1851.

Under Chap. 103, Acts Eighth General Assembly, Rev., p. 873, the right of redemption from sales made upon execution within the time prescribed by statute, was extended to the defendants and creditors holding liens upon the property involved in cases wherein decrees or judgments were rendered upon the foreclosure of mortgages. Before this act, sales under decrees of foreclosure were absolute and without redemption.

The question to be determined in the case under consideration is this: Do judgments in the actions provided for and contemplated in sections 3663 and 3664 of the Revision of 1860, and the sales thereunder of the mortgaged property, cut off the right of junior lien holders, who were not made parties to the actions, to redeem after the expiration of the time prescribed in the statute for redemption from sales upon execution?

I. In equity holders of an interest in or liens upon mortgaged premises, as well as the mortgagors, have the right to redeem from the mortgage until their right is cut off by a decree or judgment in a proper action. This right is called the *equity of redemption* and the proceeding to cut it off is called *fore-*

*closure.* It would be hardly proper to refer to the familiar rules prevailing in equity, which will not permit land covered by a mortgage, upon default of payment of the money secured thereby, to be taken from the mortgagor without his right to reclaim it by the payment of the mortgage debt, and which extend protection to the mortgagee by giving him a right of action wherein he can require the mortgagor to redeem from the mortgage, to pay the mortgage debt, and in default thereof have the right of redemption cut off—foreclosed. These rules, as well as the history of their origin, are familiar to the profession. The rights secured thereby are recognized solely in equity; the law takes no cognizance of them and will not enforce them. Hence, the mortgagor's right to redeem is called his equity of redemption.

This equity of redemption exists, unless the right is taken away by statute. It is, of course, subject to legislative power exercised for its regulation.

It will hardly be necessary to remark that the right is not defeated by the statutes above cited or by any other legislation of this State. This is not claimed in the case under consideration. But it is insisted that the redemption provided for in § 3664 of the Revision above cited, which must be made within the time prescribed by the statute therein referred to, is the equity of redemption, or supersedes and abrogates that right. If that redemption be not made, it is claimed that, as no other right to redeem exists, no redemption can be afterwards enforced.

It will be readily seen, upon even a cursory reading of the section just mentioned, that the redemption therein provided is not the equity of redemption but the redemption from sales upon execution provided by statute, and may therefore very properly be called statutory redemption. In the absence of this statute and the act found upon p. 873 of the Revision, sales of mortgaged property upon foreclosure decrees were absolute and without redemption as against all persons who were parties to the foreclosure proceedings. These statutes extend the statutory redemption provided in cases of sales on execution to sales upon decrees of foreclosure. They do not

take away the right before existing called equity of redemption; their sole purpose was to give another right to the mortgagor—the statutory right of redemption. To my mind this proposition is too plain for argument. All that is necessary to bring the mind to assent thereto is the reading of the statutes cited, at the same time keeping in mind the nature of the right designated equity of redemption, and the familiar equity principles above stated.

II. If we concede, as maintained in the foregoing opinion, that the proceeding authorized by § 3664 is not intended for the foreclosure of the mortgage, and I think the proposition is correct, we must then concede further that the equity of redemption is taken away by statute in order to reach the conclusion adopted by my brothers. If the equity of redemption still exists under our statute, it was not cut off by the action, for, as conceded, there was by the action no foreclosure in cutting off of the equity of redemption. It is admitted on all hands that the equity of redemption exists under the Revision of 1860. If the equity of redemption is not cut off by the action it may be enforced.

III. Another objection to the conclusion of the foregoing opinion is unanswerable. If defendant's equity of redemption is not taken away by statute, it exists in them as a valid and valuable right. The judgment upon the note operating as a lien back to the recording of a mortgage is made to divest this right, although defendants were not made parties to the action. This cannot be admitted. Rights cannot be divested unless those who hold them have had their day in court. Surely, the courts will never put a construction upon a statute that will give it such an operation, when by a different interpretation it can be made to speak in harmony with the principles of justice, law and the constitution.

If we regard the proceedings authorized by § 3664 as a foreclosure of the mortgage then will all lien-holders who were not made parties to the action be protected in their equity of redemption.

IV. In my opinion, the action at law authorized by § 3664 was not intended by the legislature to foreclose the equity of

redemption existing under a mortgage; surely, not to foreclose such right held by those not made parties to the action. The judgment thereon would doubtless bind those who were made parties, and by establishing the lien of the judgment against the parties to the suit, so that it would date from the recording of the mortgage, it would doubtless have the effect to cut off all rights and claims of such parties. However, it is neither important nor proper to determine the effect of such judgment further than it may enter into the questions involved in this case.

V. If the conclusion of my brothers in the foregoing opinion is correct, the action for foreclosure was by the Revision superseded by an action at law which was far more effective in granting relief to the mortgagee, in that it cut off the equity of redemption of all persons, even those who were not parties thereto. It is not a little astonishing that the profession of the state, in thirteen years' practice under the Revision, did not discover the superior advantages the action at law upon the note possessed over the chancery proceeding of foreclosure. Learned counsel would spend much time and great labor in searching the records for incumbrances junior to the mortgages they undertook to foreclose, and would cause their clients to expend large sums in costs for the service of process upon the holders of such liens, all of which could have been dispensed with by the simple, speedy and safe action at law, which, the foregoing opinion in effect holds, would cut off all liens accruing after the recording of the mortgage, even though the incumbrancers were not made parties to such action. This doctrine I have never before heard advocated, and I am sure its announcement will create surprise in the profession throughout the State.