HAWKEYE BANK & TRUST N.A., OF CENTERVILLE–SEYMOUR    f/k/a Centerville National Bank, Appellee,

v.

Danny L. MILBURN, et al., Appellants.

No. 87–1759.

Supreme Court of Iowa.

March 22, 1989.

Marlyn S. Jensen, Osceola, for appellants.

Carol Wendl of Neiman, Neiman, Stone & Spellman, Des Moines, for appellee.

ANDREASEN, Justice.

In *First National Bank v. Matt Bauer Farms Corp.*, 408 N.W.2d 51, 55 (Iowa 1987), we held that an automatic stay resulting from the filing of a voluntary petition in bankruptcy is a "stay" within the meaning of Iowa Code section 628.4 (1987) [1] and acts to bar a debtor's statutory right to redeem from a real estate foreclosure sale. In this appeal we are presented with challenges to the constitutionality of section 628.4. We hold it is constitutional. We also hold the statutory homestead right of redemption may be extinguished under its provisions.

I. In 1976, Hawkeye Bank & Trust, N.A. of Centerville–Seymour (bank) financed the farming operation of Danny L. Milburn. This loan was secured by a mortgage on 320 acres of real estate. In 1982, Milburn defaulted on this note. Milburn filed for bankruptcy under Chapter 11 of the United States Code in December of 1982. In May of 1984, the bank obtained relief from the automatic stay and on August 20, 1984, it filed a foreclosure action.

On the day before the scheduled trial, Milburn filed a second Chapter 11 bankruptcy petition. The bank again obtained relief from the stay and the bankruptcy petition was dismissed in November 1986.

1. Unless otherwise indicated, all references to the Iowa Code will be to the 1987 Iowa Code.

The bank was granted a decree of foreclosure on December 23, 1986, and a sheriff's foreclosure sale was scheduled for April 23, 1987.

On April 22, 1987, one day prior to the scheduled sale, Milburn filed his third petition in bankruptcy, this time under Chapter 12 of the Bankruptcy Code. The bankruptcy court dismissed the Chapter 12 petition based in part on Milburn's bad faith and abuse of funds in the debtor-in-possession account. After this dismissal, the court rescheduled the foreclosure sale for November 19, 1987. The bank submitted to the Iowa district court a motion requesting that the sheriff issue a deed rather than a sheriff's certificate at the time of sale.

On November 17, 1987, Milburn again entered bankruptcy court and obtained a federal court order to stay the scheduled sale pending appeal of the federal court dismissal of the Chapter 12 petition. The appeal was not perfected and the foreclosure sale was again scheduled. The Iowa district court, meanwhile, ruled Milburn was entitled to redeem the homestead portion of the real estate under the provisions of Iowa Code section 654.16 but that he was not entitled to redeem the remaining portion of the land. Both parties appealed.

Milburn argues the district court erred in ruling that the automatic stay provisions in Title 11 United States Code section 362 (1982) extinguish the right of redemption found in Iowa Code section 628.3. According to Milburn, this ruling is unconstitutional as it allows the taking of property without due process, it denies certain debtors equal protection of the law, and it violates the supremacy clause of the United States Constitution.

The bank denies that section 628.4 is unconstitutional. The bank also argues Milburn's statutory right to redeem the homestead under section 654.16 is barred under the provisions of section 628.4.

II. Chapter 654 of the Iowa Code outlines the procedure for real estate foreclosure. When a real estate mortgage is foreclosed, the court renders judgment for the entire amount found to be due and directs the mortgaged property to be sold to satisfy the judgment, interest and costs. Iowa Code § 654.5. A special execution is issued directing the sheriff to sell the mortgaged real estate. The sheriff must give four weeks' notice of the time and place of selling real estate. Iowa Code § 626.74. Generally, foreclosure sales are subject to redemption and the purchaser at the sale receives a sheriff's certificate of purchase rather than a deed.

Chapter 628 of the Iowa Code provides a right of redemption for mortgage debtors and creditors. Although a one-year redemption period is provided by section 628.-3, other time periods for redemption are provided depending upon the use of the mortgaged property, the terms of the mortgage, the size of the mortgaged property, whether the property has been abandoned, and whether the mortgagee has waived the right to a deficiency judgment. Iowa Code §§ 628.26–.28. Under these provisions the statutory time period for redemption may be as short as thirty days or as long as five years.

■ Not all real estate foreclosure sales are subject to redemption. A party who stays execution on the judgment is not entitled to redeem. Iowa Code § 628.4. If the mortgaged property is not used for an agricultural purpose, the plaintiff in an action for foreclosure of a real estate mortgage can elect foreclosure without statutory redemption. See 1987 Iowa Acts ch. 142, § 6–9 (to be codified at Iowa Code section 654.20–.23).

The *statutory rights of redemption* should not be confused with the *equity of redemption*. A mortgage debtor has an equity of redemption until the foreclosure sale, and not afterwards. After the foreclosure sale, the mortgage debtor has the right of redemption if the statute so provides. See *Lincoln Joint Stock Land Bank v. Mitchell*, 239 Iowa 995, 1006, 33 N.W.2d 388, 394 (1948); *Mayer v. Farmers' Bank*, 44 Iowa 212, 216 (1876); G. Osborne, *Mortgages*, § 8, at 17 (2d ed. 1970).

III. Milburn raises constitutional challenges to section 628.4 and its application

under federal bankruptcy law. Under the Bankruptcy Act the debtor's estate includes all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541 (1982). Upon filing a petition in bankruptcy an automatic stay is triggered. 11 U.S.C. § 362(a)(1982). The trustee in bankruptcy is also provided an extension of time of sixty days to perform an act such as redemption. 11 U.S.C. § 108(b)(1982).

■ A. Milburn asserts section 628.4 facially, or as applied by the court, violates the due process and equal protection provisions of the United States Constitution. Iowa has no duty to provide a statutory right of redemption. Approximately one-half of the states do not provide a right of redemption to the mortgage debtors or creditors. G. Nelson & D. Whitman, *Real Estate Finance Law*, §§ 7.1 & 8.4 (2d ed. 1985). Where such right exists, it is by statute, and the right extends only to cases coming within the statute. *Northwestern Mut. Life Ins. Co. v. Hansen*, 205 Iowa 789, 794, 218 N.W. 502, 505 (1928).

We addressed both the due process and equal protection challenge to section 628.4 in *Farmers' Trust and Savings Bank v. Manning*, 359 N.W.2d 461 (Iowa 1984). In *Manning*, we recognized the statutory right of redemption ran from the date of the foreclosure sale. *Id.* at 464. We found section 628.4 was justified to prevent the unfair extension of the redemptive period by delaying tactics and to make real estate title more marketable. *Id.* We described the statutory right to redeem and section 628.4 as the legislature's way of setting up a "scheme which carefully balances the rights and obligations of all those involved when a real estate mortgage is foreclosed." *Id.* at 464. Although *Manning* involved a constitutional challenge arising out of the debtors' exercise of their right of appeal, the constitutional analysis would also apply where the debtor secures a stay of execution.

■ B. Milburn asserts Iowa Code section 628.4 facially, or as applied by the district court, violates the supremacy clause of the United States Constitution.

U.S. Const. art. VI, cl. 2. Under the supremacy clause the state statutes which interfere with, or are contrary to federal law are invalid. As stated in *Johnson v. First National Bank*, 719 F.2d 270, 273 (8th Cir.1983), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984):

> Where Congress has chosen to exercise its authority, contrary provisions of state law must accordingly give way. It is equally well settled, however, that state laws are suspended only to the extent of actual conflict with the bankruptcy system provided by Congress, so that in the absence of any conflict between the state and bankruptcy laws, the law of the state where the property is situated governs questions of property rights.

Under the Bankruptcy Act, Congress has generally left the determination of property rights of a bankrupt estate to state law. Property interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136, 141 (1979). The existence of a "legal or equitable interest" is determined by state law. Once it is determined that such a property interest exists, it automatically becomes property of the estate under section 541 of the Bankruptcy Act.

Deciding whether a state statute is in conflict with a federal statute and hence invalid under the supremacy clause is essentially a two-step process of first ascertaining the construction of the federal and state statutes and then determining whether they are in conflict. *Perez v. Campbell*, 402 U.S. 637, 644, 91 S.Ct. 1704, 1708, 29 L.Ed.2d 233, 239 (1971).

One of the primary purposes of the Bankruptcy Act is to give debtors a new opportunity in life and a clear field for future efforts, unhampered by the pressure and discouragement of preexisting debt. *Perez*, 402 U.S. at 649, 91 S.Ct. at 1710–11, 29 L.Ed.2d at 242. The automatic stay provisions of the Bankruptcy Act give the debtor a breathing spell from creditors and stops all collection efforts and foreclosure actions. Section 541 of the Bankruptcy Act preserves the assets for distri-

bution of the debtor's property to creditors in satisfaction of debts.

Our Iowa redemption statute provides a right of redemption that arises at the time of the foreclosure sale providing the debtor has not delayed the sale by securing a stay of execution of the foreclosure judgment. Because of the clear legislative mandate, the statutory right of redemption is barred whenever the debtor secures a stay of execution on the judgment, regardless of how the stay is obtained. It is clear the intent of section 628.4 is that a debtor who obtains a stay order should not be entitled to have the benefits of both the delay of the foreclosure sale and the statutory right of redemption. A federal stay order granted in bankruptcy court is treated the same as a stay order granted in state court. *Fitch v. Cornelison*, 224 Iowa 1252, 1253, 278 N.W. 309, 310 (1938); *see also First Nat'l Bank v. Matt Bauer Farms Corp.*, 408 N.W.2d 51, 55 (Iowa 1987).

When we compare Iowa's statutory scheme of redemption with the tolling and property provisions of the federal Bankruptcy Act, we find there is no conflict. Both the equity of redemption and the statutory right of redemption are property of the estate under section 541 of the Bankruptcy Act. If a debtor files a bankruptcy petition after the foreclosure sale, the debtor's statutory right of redemption is property in the estate. Although section 362(a) would not toll the statutory redemption, section 108 of the Bankruptcy Act would assure a minimum redemption period of sixty days for the estate. *Johnson v. First Nat'l Bank*, 719 F.2d 270, 275-76 (8th Cir. 1983).

If a debtor files a bankruptcy petition before the foreclosure sale, the debtor's equity of redemption is property in the estate. The general tolling provisions of the Bankruptcy Act will preserve this property interest until the release of that property by the trustee.

We find no conflict between Iowa Code section 628.4 and section 541(c)(1) of the Bankruptcy Act. Under this bankruptcy provision, a property interest of the debtor is reserved notwithstanding applicable non-bankruptcy law if that interest is conditional on the commencement of a bankruptcy action. The Iowa debtor who proceeds into bankruptcy before the foreclosure sale has only an equity of redemption. This equitable property interest is not forfeited, modified, or terminated by the bankruptcy filing.

■ IV. The bank claims Milburn does not have a right to redeem the homestead property because of the application of section 628.4. Under Iowa Code section 654.-16 the mortgagor may redeem a farm homestead separately by tendering the fair market value of the homestead pursuant to Iowa Code chapter 628. By the inclusion of the provisions of chapter 628, the legislature expressed its intent to include the redemption of farm homesteads under the general provisions of redemption of real estate contained in chapter 628. Under this overall scheme of redemption a mortgage debtor who has stayed execution is prohibited from claiming the statutory right of redemption. We reverse the district court ruling exempting the homestead and return the case to the district court for a ruling consistent with this opinion.

V. Both parties failed to comply with Iowa Rules of Appellate Procedure 15 and 16. Both failed to provide an index to the appendix or amended appendix as required by Iowa Rule of Appellate Procedure 15(d). We tax the cost of printing the amended appendix to the bank. All remaining costs are taxed to Milburn.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

All Justices concur except CARTER, HARRIS and SCHULTZ, JJ., who dissent.

CARTER, Justice (dissenting).

I dissent from the opinion of the court because I believe the consequences which it attaches to the automatic stay arising upon a federal bankruptcy filing violate the supremacy clause of the federal constitution. The resulting forfeiture of the debtor's redemption rights obviously provides a chilling impact on the debtor's freedom to seek

the protections afforded by federal law. A strong argument can be made for a supremacy clause violation even if Congress had not enacted a specific statute to prevent such forfeitures from occurring. Because Congress has enacted a specific statute to prevent such occurrences, the resulting violation of the supremacy clause is inescapably obvious.

Iowa Code section 628.3 creates a right of redemption in the judgment debtor as a property right. That right is assignable pursuant to section 628.25. Federal bankruptcy courts have recognized that the debtor's right of redemption of real property is a legal and equitable interest in property and constitutes part of the debtor's bankruptcy estate. *Johnson v. First Nat'l Bank,* 719 F.2d 270, 276 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). It is expressly provided in 11 U.S.C. section 541(c)(1) (West Supp.1988) that

> an interest of the debtor in property becomes property of the estate ... notwithstanding any provision in an agreement, transfer instrument, *or applicable non-bankruptcy law—*
>
> ....
>
> (B) that is conditioned on the insolvency or financial condition of the debtor, *on the commencement of a case under this title,* or on the appointment of or taking possession by a trustee ... and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

(Emphasis added.) Under the opinion of the court in the present case, this property right in which the debtor holds an interest is forfeited as a result of the automatic stay arising from a federal bankruptcy filing. I submit this result violates section 541(c)(1).

Viewed from the position of the debtor, the result which the court's majority is sanctioning significantly dilutes the benefits intended to be conferred by federal law. If the debtor takes advantage of these federally created rights prior to an execution sale of the debtor's property, that election, under the majority's opinion, triggers a substantial loss of rights under state law. Viewed from the point of view of the federal bankruptcy court, this forfeiture of redemption rights impacts in a negative way on the resources available to that court for purposes of achieving debtor rehabilitation.

The court's majority advances two theories in an attempt to avoid this obvious conflict with federal law. The first theory is that the debtor could wait until after the execution sale before filing for federal bankruptcy protection and thus avoid the forfeiture. The flaw in this theory is that this forced delay is itself a circumstance that amounts to a significant restriction of the debtor's options to invoke the federal protections. There will often be circumstances in which financial burdens which flow from transactions entirely unrelated to the mortgaged property may require the debtor to seek federal protection in advance of the execution sale.

The second theory advanced by the majority suggests that if a bankruptcy petition is filed before the execution sale takes place then no right of redemption has arisen at the time of filing. From this premise, the majority reasons that the inchoate statutory right of redemption is not a property right which falls within the restrictions provided in 11 U.S.C. section 541(c)(1). This is an overly restrictive interpretation of the latter statute which significantly frustrates its intended operation. The forfeiture which, under the majority's opinion, occurs at the time of filing a federal bankruptcy petition clearly involves rights affecting property which will be subject to administration by the bankruptcy court. Consequently, I submit that the rights which are forfeited clearly fall within the category of interests which 11 U.S.C. section 541(c)(1) is intended to protect.

HARRIS and SCHULTZ, JJ., join this dissent.