**METROPOLITAN LIFE INSURANCE COMPANY, Appellee,**

v.

**Robert H. DeKLOTZ and Faye DeKlotz, Appellants,**

and

**Peoples Bank and Trust Company, and Benton County, Iowa, Appellees.**

No. 88–184.

Supreme Court of Iowa.

March 22, 1989.

Guy P. Booth of Booth & Chapman, Cedar Rapids, for appellants.

Randall A. Nazette of Nazette, Hendrickson, Marner & Goode, Cedar Rapids, for appellee Metropolitan Life Ins. Co.

Minor Barnes and Matthew G. Novak of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee Peoples Bank and Trust Co.

ANDREASEN, Justice.

In this appeal, Robert and Faye DeKlotz challenge a district court judgment which held that they waived their right to redeem by obtaining an automatic stay of execution in bankruptcy court. The DeKlotzes challenge the constitutionality of Iowa Code section 628.4 (1987) and assert that if their right to redeem was barred by section 628.4 the stipulation to waive the automatic stay revived their right to redeem.

On December 1, 1979, Robert and Faye DeKlotz granted a mortgage to Metropolitan Life Insurance Company (Metropolitan) which covered certain agricultural land including the DeKlotzes' homestead. On April 4, 1984, the DeKlotzes granted a second mortgage of this property to Peoples Bank and Trust Company (Peoples Bank). The DeKlotzes defaulted and Metropolitan instituted a foreclosure action. On July 7, 1986, a foreclosure decree was entered. The sheriff's sale was scheduled for January 6, 1987. On the day before the sale, the DeKlotzes filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code which automatically stayed the foreclosure sale. On April 21, 1987, the DeKlotzes and Metropolitan filed a stipulation and agreement for relief from automatic stay and abandonment with the bankruptcy court. No notice of this stipulation was provided to any other creditors. The bankruptcy court then lifted the automatic stay and the foreclosure sale was held on June 16, 1987. Metropolitan obtained a sheriff's certificate at this sale.

On December 9, 1987, Metropolitan and Peoples Bank filed a motion to determine the DeKlotzes' redemption rights. The DeKlotzes urged that the stipulation in bankruptcy court revived their redemption rights and that Iowa Code section 628.4 was unconstitutional. The district court held that the DeKlotzes waived their redemption rights when they filed for bankruptcy and that the stipulation to abandon the real estate did not revive the right to redeem.

On appeal, the DeKlotzes argue that section 628.4 is unconstitutional as it violates the Supremacy Clause of the United States Constitution. They also argue that the stipulation filed in bankruptcy court was an agreement between the parties to revive the DeKlotzes' right to redeem. Our review of this equity action is de novo. Iowa R.App.P. 4.

## I. *Constitutional Challenge.*

■ In *Hawkeye Bank & Trust v. Milburn*, 437 N.W.2d 919, 920 (Iowa 1989), we upheld the constitutionality of Iowa Code section 628.4 (1987). The holding of *Hawkeye Bank* is dispositive of the DeKlotzes' constitutional claim. Under *First National Bank v. Matt Bauer Farms Corp.*, 408 N.W.2d 51, 55 (Iowa 1987), the district court correctly held that the DeKlotzes' statutory right of redemption was barred by their filing a voluntary petition in bankruptcy.

## II. *Stipulation as Agreement to Restore Redemption Rights.*

■ The DeKlotzes argue that the stipulation filed in bankruptcy court was an agreement to revive their redemption rights. In *Federal Land Bank of Omaha v. Bollin*, 408 N.W.2d 56, 60 (Iowa 1987), we held that the parties may by agreement revive the redemption rights barred by Iowa Code section 628.4. To revive their right to redeem, the DeKlotzes must establish that the parties entered into an agreement with the intent that the redemptive rights would remain or be restored. *See Bollin*, 408 N.W.2d at 61. As in *Bollin*,

we apply contract rules of construction. *See id.* at 60.

In *Bollin*, three primary factors convinced us that the stipulated order was an agreement between the parties to restore the debtor's redemption rights. First, the stipulated order in *Bollin* made reference to a "settlement," which suggested that each party was to receive some valuable consideration in resolving their differences. *Id.* at 60. Second, the decretal portion of the order in *Bollin* made specific reference to lifting the automatic stay to allow the sale and to begin the running of the redemption period. Third, it provided for the appointment of a receiver upon the debtor's failure to pay a certain sum. *Id.* at 61. There would be no need for a receiver if the Bollins had no redemption rights.

Here, the stipulation fails to establish an agreement between the parties to allow the DeKlotzes to revive their right to redeem. The title of the stipulation agreement is "STIPULATION AND AGREEMENT FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT." The stipulation provides:

The Debtors and the Trustee, on behalf of the Bankruptcy Estate acknowledge that they have no equity in the property, and that the property is burdensome to the Estate.

That on July 7, 1986, a Decree of Foreclosure was entered in the Iowa District Court in and for Benton County in favor of Metropolitan Life Insurance Company. Pursuant to a Special Execution, a Sheriff's Sale was scheduled to be held on January 6, 1987. As a result of the filing of the bankruptcy herein, the Sheriff's Sale was postponed indefinitely. The Debtors and the Trustee hereby agree to grant Metropolitan Life Insurance Company relief from the Automatic Stay so that Metropolitan may enforce its rights against the property described in its mortgage, which will include the rescheduling of the Sheriff's Sale.

No mention was made in the stipulation of any retention or revival of redemption rights or the running of the redemption period. There is no language in the agree-

ment that provides, or even suggests, that the parties intended the statutory redemption rights would be revived.

Extrinsic evidence of intent was offered by the DeKlotzes. This evidence, received by stipulation, provided:

Robert and Faye DeKlotz, through counsel, always intended to exercise some form of redemption rights and expressed that intent to Metropolitan Life Insurance Company. Metropolitan Life Insurance Company made no representation one way or the other.

This evidence is insufficient to establish that all parties had agreed that the redemptive rights would continue or be restored.

AFFIRMED.

All Justices concur except CARTER, HARRIS and SCHULTZ, JJ., who dissent.

CARTER, Justice (dissenting).

I dissent for the same reasons which were expressed in my dissent in *Hawkeye Bank & Trust v. Milburn*, 437 N.W.2d 919 (Iowa 1989), filed this date.

HARRIS and SCHULTZ, JJ., join this dissent.