**WEST DES MOINES STATE BANK,
Plaintiff–Appellee,**

v.

**PAMECO, INC., Emery J. Jackson
and Ada Jackson, Defendants–
Appellants,**

and

**Michael Jackson; United States of America–Small Business Administration; The Corporation for Economic Development in Des Moines, Iowa; Norwest Bank Iowa, N.A.; New Hampshire Insurance Co.; State Farm Fire and Casualty; Tri–State Debt Collection, Inc.; Carlson Systems, Corp.; John McRoberts; and BFI, Inc., Defendants.**

No. 92–184.

Court of Appeals of Iowa.

May 4, 1993.

Kathy Goudy and Susan Phillips of Reis & Bowman, Des Moines, for defendants-appellants.

Robert J. Douglas, Jr. of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for plaintiff-appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

On July 22, 1987, Pameco, Inc. executed a promissory note for $350,000 to the West Des Moines State Bank. Emery and Ada Jackson were the sole shareholders of Pameco. The note was secured by a mortgage on certain commercial property at 800

University Avenue in Des Moines. The Jacksons personally executed a continuing unlimited guaranty to the Bank. The Jacksons' son, Michael Jackson, also executed a continuing guaranty, which was limited to the amount of $35,000.

In early 1990 the Jacksons sold their interest in Pameco to Michael and his partner, Roger Severson, who together formed MailTech, Inc. A term of the sale was MailTech's assumption of the mortgage payments to the Bank and the Small Business Administration (S.B.A.) and payments of all taxes relevant to the property. MailTech failed to make the March and April 1991 payments on the promissory note. The Bank sent the Jacksons a notice to cure.

The Bank elected to proceed by foreclosure without redemption, pursuant to Iowa Code sections 654.20 through 654.26 (1991), and filed its petition in district court on August 6, 1991. Section 654.20, in pertinent part, provides:

If the mortgaged property is not used for an agricultural purpose as defined in section 535.13, the plaintiff in an action to foreclose real estate mortgage may include in the petition an election for foreclosure without redemption. The election is effective only if the first page of the petition contains the following notice in capital letters of the same type or print size as the rest of the petition:

\* \* \* \* \* \*

If the election for foreclosure without redemption is made, then sections 654.21 through 654.26 apply.

The United States of America, acting through the S.B.A., held a second mortgage on the property. The Corporation for Economic Development held a third mortgage on the property. Norwest Bank has a security interest in the property. The other named defendants have unpaid judgments against Pameco or the Jacksons.

On November 8, 1991, the Bank filed a motion for summary judgment. Thereafter the Jacksons appeared and made a demand for delay of sale, pursuant to section 654.21. That section, in pertinent part, provides:

At any time prior to entry of judgment, the mortgagor may file a demand for delay of sale. If the demand is filed, the sale shall be held promptly after the expiration of two months from entry of judgment.

The Jacksons also resisted the motion for summary judgment. In resisting the summary judgment motion, they claimed the mortgage agreement gave them a contractual right to redeem the property after the sale, in addition to their statutory right to delay the sale. They further argued that MailTech contractually assumed the responsibilities for payment of the loans and because of this liability, summary judgment should be denied.

The district court entered its ruling granting the motion for summary judgment on January 2, 1992. The court concluded there were no genuine issues of material fact. The court found that whether MailTech may have been responsible to the Jacksons to take over the loan did not change the Jacksons' obligation to the Bank. The court also found that under section 654.23, the Jacksons were not entitled to redemption rights in addition to a delay of sale. Section 654.23[1] provides that where a plaintiff elects to proceed by foreclosure without redemption, the mortgagor has no right to redeem after sale.

The court also issued a foreclosure decree on January 2, 1992. The court entered judgment in favor of the Bank against Pameco and the Jacksons. In addition, the court entered judgment against Michael.

---

1. The mortgagor has no right to redeem after sale. Junior lienholders have no right to redeem after sale. The mortgagor or a junior lienholder may purchase at the sale and, if so, acquire the same title as would any other purchaser. If the mortgagor at the sale bids an amount equal to the judgment, the property shall be sold to the mortgagor even though other persons may bid an amount which is more than the judgment. If the mortgagor purchases at the sale, the liens of junior lienholders shall not be extinguished. If a person other than the mortgagor purchases at the sale, the liens of junior lienholders are extinguished.
Iowa Code § 654.23 (1991).

The Bank's judgment was declared to be a first lien upon the property and the mortgage was foreclosed. Because the Jacksons had exercised their right to delay the sale, the court ordered the sale could not be held any sooner than two months after the entry of judgment. The Jacksons appealed.

■ Mortgage foreclosure proceedings are equitable in nature. *Decorah State Bank v. Zidlicky,* 426 N.W.2d 388, 390 (Iowa 1988). Our review is de novo. *See* Iowa R.App. P. 4.

The Jacksons claim they had a contractual right of redemption which existed along with their statutory right to a delay of sale. Paragraph 17 of the mortgage provided:

> *Redemption.* It is agreed that if this Mortgage covers less than ten (10) acres of land, and in the event of the foreclosure of this Mortgage and sale of the property by sheriff's sale in such foreclosure proceedings, the time of one year for redemption from said sale provided by the statutes of the State of Iowa shall be reduced to six (6) months provided the Mortgagee, in such action files an election to waive any deficiency judgment against Mortgagors which may arise out of the foreclosure proceedings; all to be consistent with the provisions of Chapter 628 of the Iowa Code....

The Jacksons believe this paragraph established a right to redemption as part of the contract between the parties. It cannot, however, go unnoticed that those redemption rights make reference to the statutes of the State of Iowa and are governed by chapter 628 of the Iowa Code.

■ Generally, foreclosure sales are subject to redemption. *Hawkeye Bank & Trust v. Milburn,* 437 N.W.2d 919, 921 (Iowa 1989). Chapter 628 provides a right of redemption for mortgage debtors and creditors. *Id.* However, not all real estate foreclosure sales are subject to redemption. *Id.* A party who elects to stay execution on the judgment is not entitled to redeem. *Id.* If the mortgaged property is not used for an agricultural purpose, under section 654.20 a plaintiff may elect foreclosure without redemption. *Id.*

■ After the foreclosure sale, the mortgage debtor has the right of redemption if the statute so provides. *Id.* The right to redeem is purely statutory. *First National Bank v. Matt Bauer Farms Corp.,* 408 N.W.2d 51, 53 (Iowa 1987). The right to redeem may be exercised only by those to whom the statute gives the right and in the manner which the statute prescribes. *Id.*

■ Thus, the right to redeem is governed by statute. Where a plaintiff elects to foreclose without redemption, section 654.23 provides the mortgagor does not have a right to redeem after the sale, but section 654.21 gives the mortgagor the right to demand a delay of sale.

In this case the mortgage was signed on July 22, 1987, and was filed on August 14, 1987. The Jacksons admit the law permitting foreclosures without redemption came into effect on June 4, 1987, and thus was in effect at the time the mortgage was entered into.

■ After receiving notice the Bank intended to proceed by foreclosure without redemption, the Jacksons demanded a delay of sale, pursuant to section 654.21. The Jacksons thus elected to stand by their rights under the procedures for foreclosure without redemption. We determine that under section 654.23, once the Jacksons made this election, they could no longer claim a right to redemption. This is similar to the rule that a party who stays execution on a judgment is not entitled to redeem. *See Hawkeye Bank,* 437 N.W.2d at 921. As the court in *Hawkeye Bank* stated:

> Our Iowa redemption statute provides a right of redemption that arises at the time of the foreclosure sale providing the debtor has not delayed the sale by securing a stay of execution of the foreclosure judgment. Because of the clear legislative mandate, the statutory right of redemption is barred whenever the debtor secures a stay of execution on the judgment, regardless of how the stay is obtained. It is clear the intent of section 628.4 is that a debtor who obtains a stay order should not be entitled to have the

benefits of both the delay of the fore-closure sale and the statutory right of redemption.

*Hawkeye Bank*, 437 N.W.2d at 923.

We affirm the decision of the district court. Costs of this appeal are assessed to Pameco, Inc., Emery Jackson, and Ada Jackson.

**AFFIRMED.**