# IN THE COURT OF APPEALS OF IOWA

No. 22-1340
Filed April 26, 2023

**U.S. BANK NATIONAL ASSOCIATION,**
        Plaintiff-Appellant,

**vs.**

**DENNIS CASSADY, MATTHEW CASSADY, SPOUSE OF MATTHEW CASSADY, IF ANY, UNKNOWN HEIRS OF VALERIE A CASSADY, CREDITORS OF VALERIE A CASSADY, CREDITORS OF VALERIE A CASSADY, THE VILLAS AT ORCHARD HILLS CONDOMINIUM OWNERS ASSOCIATION, ANDREA REBECCA YODER, JOHN YODER, ANY ALL KNOWN AND UNKNOWN CLAIMANTS,**
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Warren County, Randy V. Hefner, Judge.

A bank appeals the district court's order assigning surplus funds from a foreclosure proceeding. **REVERSED AND REMANDED.**

Donald J. Pavelka Jr. of Locher Pavelka Dostal Braddy & Hammes, LLC, Council Bluffs, and Matthew Eck, Omaha, Nebraska, for appellant.

Justin James Randall and Curtis George McCormick of McCormick & Associates, P.C., West Des Moines, for appellee The Villas at Orchard Hills Condominium Owners Association.

Dennis Cassady, Norwalk, Matthew Cassady, Altoona, and Andrea Yoder and John Yoder, Norwalk, self-represented appellees.

Considered by Bower, C.J., and Badding and Buller, JJ.

**BULLER, Judge.**

U.S. Bank National Association (U.S. Bank) appeals the district court's order assigning surplus funds from a foreclosure sale to Valerie Cassady's successors in interest. U.S. Bank contends the district court erred in requiring the company to foreclose its junior lien before attempting to collect on the debt owed. We agree, and we reverse and remand to the district court.

## I.     Background Facts and Proceedings

This action arose from a foreclosure proceeding initiated after the 2019 death of Valerie Cassady, who had executed mortgages on her home in Warren County to Wilmington Trust, National Association (Wilmington Trust) and U.S. Bank. As Cassady's estate and heirs stopped making payments after her death, Wilmington Trust accelerated their mortgage and initiated foreclosure proceedings. Wilmington Trust held the senior lien on the property, with $101,527.11 due at the time of foreclosure. U.S. Bank held a junior lien on the property, with $24,764.56 due to it. The Internal Revenue Service, Iowa Department of Revenue, and the Villas at Orchard Hills also held interests in the property, but they were junior to Wilmington Trust and U.S. Bank.

During foreclosure proceedings, Wilmington Trust notified the other interests to the action, but most disclaimed their interest or did not respond. U.S. Bank answered the notice, asking the district court to dismiss the action or sort out the priorities of the liens.

Wilmington Trust soon assigned its note and mortgage to U.S. Bank, which then became the senior and a junior lienholder on the property. The district court subsequently substituted U.S. Bank as the case plaintiff.

In March 2022, the district court issued a decree of foreclosure on the property, with judgment for U.S. Bank in the amount of the senior lien and any remaining proceeds to be paid off to junior lienholders in order of their priorities established by law. The local sheriff sold the property to a third party for $134,000.

U.S. Bank then applied to condemn the foreclosure proceeds to pay off its senior and junior liens against the property. The court granted the application, which paid off U.S. Bank's senior interest. U.S. Bank asserted entitlement to the $24,081.90 that remained as surplus, but the court scheduled a hearing to decide where to distribute the money as it was uncertain whether U.S. Bank was entitled to those funds.

After hearing, the court issued an order assigning the surplus funds to Cassady's successors in interest. The court reasoned that U.S. Bank was not entitled to the surplus proceeds, as it did not properly foreclose upon its junior lien and did not give proper notice of its junior lien to the other interests in the property. U.S. Bank appeals.

## II.    Standard of Review

Mortgage foreclosure proceedings are equitable in nature. Iowa Code § 654.1 (2021); *W. Des Moines State Bank v. Pameco, Inc.*, 501 N.W.2d 555, 557 (Iowa Ct. App. 1993). Our review is de novo. Iowa R. App. P. 6.907.

## III.    Discussion

U.S. Bank disputes the district court's award of proceeds to Cassady's successors in interest, arguing they were entitled to the surplus proceeds from the foreclosure sale. Contrary to the district court's ruling, the bank asserts it did not have to foreclose upon its junior lien to be entitled to the surplus funds.

We agree with U.S. Bank's argument. Proceeds from a foreclosure sale go first to the senior lien. Iowa Code § 654.7. Any remaining surplus goes to the junior liens according to priority. *Id.* § 654.9 ("If there are any other liens on the property sold . . . they shall be paid off in their order."). Here, the plaintiff elected to foreclose on the property without redemption under Iowa Code section 654.20. U.S. Bank held the senior and second-most senior liens on the property, and so after the senior lien was paid off, the surplus proceeds should have gone to pay off U.S. Bank's junior lien, in line with the district court's initial order. *See id.* §§ 654.7, .9; *First Fed. Sav. & Loan Ass'n of Storm Lake v. Blass*, 316 N.W.2d 411, 413 (Iowa 1982). U.S. Bank did not have to foreclose on its junior lien, and no requirement exists for it to do so. *See* Iowa Code § 654.9; *First Fed. Sav. & Loan*, 316 N.W.2d at 413.

We reverse the district court's order and remand for further proceedings. On remand, we direct the district court to assign the surplus funds to pay off U.S. Bank's junior lien.

**REVERSED AND REMANDED.**